JURY TRIAL DEMANDED

# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION – ST. LOUIS CITY

| | |
|---|---|
| DR. WHITNEY ROSS, TRUSTEE, ) <br> ) <br> DR. IAN ROSS, TRUSTEE, ) <br> ) <br> Plaintiffs, ) <br> ) <br> vs. ) <br> ) <br> RACHEL SIEGERT, ) <br> ) <br> JENKINS & KLING, P.C., ) <br> ) <br> Defendants. ) | Cause No. 4:23-cv-1295 |

## COMPLAINT

COMES NOW, Plaintiffs Dr. Whitney Ross and Dr. Ian Ross, in their capacity as Trustees of the Ross Family Trust dated October 20, 2021 (the "Trust"), and individually (collectively, "Plaintiffs"), and for their Complaint against Defendants, Rachel Siegert and Jenkins & Kling, P.C., as follows:

### I.  STATEMENT OF JURISDICTION AND VENUE

1.  This Court has jurisdiction over this lawsuit's subject matter pursuant to 28 U.S.C. § 1331, because Plaintiffs' cause of action for violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.*, arises under federal law.

2.  This Court has jurisdiction over the parties because the acts described herein took place within this District and Defendants have purposely availed themselves of the benefits of contact with citizens of this Judicial District.

3.  Venue is proper in this Court under 28 U.S.C. 1391(b) because:

  a. Defendant Jenkins & Kling, P.C.'s principal place of business is located at 150 North Meramec Ave., Suite 400, St. Louis, MO 63105, which is located in the Eastern Division of this Judicial District, as 28 U.S.C. § 105 defines; and,

  b. Defendant Rachel Siegert is an individual domiciled at 4390 Chouteau Avenue, St. Louis, MO 63110, which is located in the Eastern Division of this Judicial District, as 28 U.S.C. § 105 defines; and,

  c. The events giving rise to Plaintiffs' claims occurred in the Eastern Division of this Judicial District, as 28 U.S.C. § 105 defines.

## II. PARTIES

4. Plaintiffs incorporate all prior paragraphs as if restated herein.

5. Dr. Whitney Ross is an individual domiciled at 1218 Kraft Street, St. Louis, MO 63139 (the "Ross Property"), who serves as the Trust's Trustee.

6. Dr. Ian Ross is an individual also domiciled at 1218 Kraft Street, St. Louis, MO 63139, who also serves as the Trust's Trustee (collectively with Dr. Whitney Ross, referred to as "Ross").

7. Rachel Siegert ("Siegert") is an individual domiciled at 4390 Chouteau Avenue, St. Louis, MO 63110;

8. Jenkins & Kling, P.C. ("Jenkins & Kling") is a law office with its primary place of business and registered agent located at 150 North Meramec Ave., Suite 400, St. Louis, MO 63105.

### III.     BACKGROUND

A.     **Sale of Home and State Litigation**

9.     Plaintiffs incorporate all prior paragraphs as if restated herein.

10.    On April 9, 2020, Plaintiffs purchased the Ross Property from Siegert; the Residential Sales Contract is attached hereto as **Exhibit A**.

11.    On May 15, 2023, Ross filed suit against Defendant Siegert, among others, in the Circuit Court of St. Louis City, Missouri (2322-CC00955) (the "Underlying Matter").

12.    In the Underlying Matter, Ross asserts that Siegert sold Plaintiffs the Ross Property without disclosing the Ross Property's true, terrible, and unfixable issues—the Ross Property is a total loss.

13.    The Contract, like most purchase agreements, contains a provision that states "in the event of litigation between the parties, the prevailing party shall recover, in addition to damages or equitable relief, the cost of litigation including reasonable attorney's fees." Ex. A.

B.     **Debt Collection**

14.    On July 17, 2023, Siegert filed a third-party petition seeking a declaratory judgment against Ross in their individual capacities as well as requesting "[t]hat Siegert be awarded her costs and attorneys' fees expended herein."

15.    The (procedurally improper) third party petition's request for attorneys' fees evidences Siegert's lack of a *present* right to such fees.

16.    Upon information and belief, Siegert retained Jenkins & Kling to represent her in the Underlying Matter and to collect on this purported debt on her behalf.

17.    Siegert had control over Jenkins & Kling in terms of her representation.

18.    Jenkins & Kling is a law firm that regularly engages in debt collection.

19. Also on July 17, 2023, Jenkins & Kling, on Siegert's behalf, sent Ross (through Plaintiffs' counsel) a debt collection letter stating that Ross **presently owed Siegert $1,777.50** for her "cause of action for declaratory judgment including her attorneys' fees and costs incurred in the litigation." This letter is attached as **Exhibit B**.

20. This fortuitous timing further evidences that such attorneys' fees were contingent on Siegert's Third Party Petition resulting in a final judgment, which would necessarily identify a prevailing party as a matter of Missouri law.

21. The letter included the following elements:

    a. The letter is on Jenkins & Kling letterhead, which identifies the same as a law firm ("ATTORNEYS AT LAW");

    b. The letter identifies Katherine McLaughlin-Bauer as the sender;

    c. The letter is directed to "Drs. Whitney Ross and Ian Ross" and "c/o William R. Wurm, Esq., Amundsen Davis." Ex. B.

22. The letter includes the following statements:

    a. "this firm and the undersigned represent Rachel Siegert in connection with the [Underlying Matter];"

    b. "Ms. Siegert is **owed** certain amounts under her cause of action for declaratory judgment, including her attorneys' fees and costs incurred in the [Underlying Matter]" (emphasis added);

    c. "As of July 1, 2023, Ms. Siegert is **owed** the balance of $1,770.50 from the Rosses" (emphasis added);

    d. "DEMAND IS HEREBY MADE UPON THE ROSSES FOR PAYMENT OF THE FOREGOING AMOUNTS ON OR BEFORE AUGUST 21, 2023;"

  e. "Please be advised that costs in connection with the Litigation **continue to accrue**" (emphasis added);

  f. "Because attorneys' fees and costs **continue to accrue**, an adjustment may be necessary at the time of payment" (emphasis added);

  g. "**PLEASE BE ADVISED THAT ALL NEGOTIATIONS OR DISCUSSION REGARDING THE FOREGOING, IF ANY ARE HEREBY TERMINATED**;"

  h. "THE UNDERSIGNED IS A DEBT COLLECTOR AND THIS LETTER IS AN ATTEMPT TO COLLECT A DEBT. ANY INFORMATION GAINED WILL BE USED FOR THAT PURPOSE." Ex. B.

23. The foregoing confirms that Defendants' letter was a threatening, black and white debt collection letter.

24. Ross received this letter while already struggling to bear the emotional and financial distress of their current hardships, including having to vacate the Ross Property due to mold.

25. This July 17, 2023 letter intensely exacerbated these issues.

26. On August 21, 2023, Plaintiffs' counsel, via email and on Ross' behalf, disputed the validity of this debt and requested that Defendants verify the debt, pursuant to the Fair Debt Collections Practices Act.

27. On August 25, 2023, Jenkins & Kling, on behalf of Siegert, sent a second letter, which asserted that Ross owed Siegert $1,777.50 for her attorneys' fees and costs in the Underlying Matter (and her third-party petition), which is ongoing, pursuant to the Contract's prevailing parties provision. This second letter is attached as **Exhibit C**. Ex. A at ¶ 13.

28. The Underlying Matter is still pending and the court in the Underlying Matter has not issued any order that would establish a "prevailing party" pursuant to Missouri law.

29. The Circuit Court has yet to determine a "prevailing party" in the Underlying Litigation, including Siegert's Third Party Petition.

30. Therefore, Ross could neither owe Siegert any debt based upon the cited Contract, nor its Paragraph 13.

31. Given that Jenkins & Kling represents Siegert in the Underlying Matter, it is thus undoubtedly aware that no debt could exist pursuant to the Contract's prevailing party provision, making Defendants' conduct all the more egregious.

32. On August 28, 2023, Plaintiffs attempted to privately resolve Defendants' intentional harassment of Ross by requesting confirmation, in writing, that Siegert would send no further debt collection letters.

33. Defendants refused to respond, forcing Plaintiffs to take additional, costly legal action.

34. Thus, after giving Defendants multiple weeks to respond to Plaintiffs' email request, Ross filed for a Temporary Restraining Order ("TRO"), which the Circuit Court heard on September 14, 2023.

35. The day before the TRO hearing, Siegert's counsel contacted Plaintiffs' counsel and still refused to commit that no further debt collection letters would be issued.

36. The Circuit Court denied the Motion, but required that Siegert's counsel confirm, in the resulting Order, that "she has no present intent to issue collection letters outside the litigation." Order attached as **Exhibit D**.

### IV.    CAUSE OF ACTION

**Count I: Violation of Fair Debt Collection Practices Act ("FDCPA")**

37.    Plaintiffs incorporate all prior paragraphs as if restated herein.

38.    Plaintiffs are each a "consumer" as 15 U.S.C. § 1692a(3) defines.

39.    Defendants claim that Plaintiffs incurred a "debt," as 15 U.S.C. § 1692a(5) defines.

40.    At the time of the letters referenced herein, Defendants represented the creditor Siegert.

41.    Defendants are each a "debt collector" as 15 U.S.C. § 1692a(6) defines.

42.    Defendants violated 15 U.S.C. § 1692d in that they harassed, oppressed and abused Ross in connection with the collection of a purported debt, which obviously does not exist in any form—indeed, there exists no justification for such letters apart from malice. Ex. B, C.

43.    Defendants' actions were intended solely to cause Ross distress and suffering and Defendants have succeeded, resulting in the Ross' suffering from loss of sleep, nausea, and other physical and emotional manifestations of this distress.

44.    Defendant Jenkins & Kling, in particular, knew or should have known of FDCPA's prohibitions on harassment, yet continued its course of willful noncompliance.

45.    Any claims by Defendant Jenkins & Kling or Siegert, that the letters were simply demand letters within the Underlying Litigation, are undercut by the letters themselves; for example, the following, which appeared with the first letter:

```
Mail this form to:
Jenkins & Kling, P.C.
c/o: Katherine McLaughlin-Bauer
150 N. Meramec, Suite 400
St. Louis, MO 63105
```

```
IF YOU DISPUTE THIS DEBT YOU MUST RESPOND
              BY AUGUST 21, 2023

How do you want to respond? _____
Check all that apply:

__   I want to dispute the debt because I think:
     _This is not my debt
     _The amount is wrong
     _Other (please attach additional information)

__   I want you to send me the name and address of the
     original creditor.

__   I enclosed this amount $_____

Make your check payable to: Rachel Siegert
```

46. Defendants' actions are outrageous and unacceptable.

## V.   JURY DEMAND

47. Plaintiffs demand a trial by jury.

## VI.   PRAYER FOR RELIEF

48. WHEREFORE, Plaintiffs pray for a judgment against Defendants for actual damages, statutory damages, costs, and reasonable attorneys' fees pursuant to 15 U.S.C. § 1692k; and for such other legal and/or equitable relief as the Court deems appropriate.

Dated: October 14, 2023            Respectfully submitted,

                                   Amundsen Davis, LLC

                                   */s/ William R. Wurm*
                                   William R. Wurm, #68912(MO)
                                   120 S. Central Ave., Suite 700
                                   St. Louis, MO 63105
                                   Telephone: (314) 719-3700
                                   Fax: (314) 719-3710
                                   Email: wwurm@amundsendavislaw.com
                                   *Attorneys for Plaintiffs*

**CERTIFICATE OF SERVICE**

      The undersigned hereby certifies that a true and correct copy of the foregoing document was electronically filed and served to counsel via the Court's e-filing system on this 14th day of October, 2023, addressed to the following attorney(s) of record:

Liam R. Brannon
JENKINS & KLING, P.C.
150 North Meramec Avenue
Suite 400
St. Louis, MO 63195
Email: lbrannon@jenkinskling.com

                              */s/ William R. Wurm*