IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DR. WHITNEY ROSS, TRUSTEE and <br> DR. IAN ROSS, TRUSTEE, <br><br> Plaintiffs, <br><br> v. <br><br> RACHEL L. SIEGERT and <br> JENKINS & KLING, P.C., <br><br> Defendants. | Cause No. 4:23-cv-01295-MTS |

**DEFENDANTS RACHEL L. SIEGERT AND JENKINS & KLING, P.C.'S
JOINT MOTION FOR SANCTIONS AGAINST WILLIAM WURM,
AMUNDSEN DAVIS, LLC, DR. WHITNEY ROSS, TRUSTEE, AND DR.
IAN ROSS, TRUSTEE**

COME NOW Defendants Rachel L. Siegert and Jenkins & King, P.C. (collectively, "**Defendants**"), by and through counsel, and hereby submit their Joint Motion for Sanctions against Plaintiffs Dr. Whitney Ross and Dr. Ian Ross, as trustees of the Ross Family Trust dated October 20, 2021 (collectively, "**Plaintiffs**"), Amundsen Davis, LLC, and William R. Wurm (collectively, "**Wurm**") pursuant to Federal Rule of Civil Procedure 11. In support of this Motion, Defendants state as follows:[1]

1. Plaintiffs and Wurm have frivolously filed this action without any legal or factual basis and in retaliation for Siegert advancing a justifiable adversarial position in an underlying state court matter.

---

[1] Pursuant to Rule 11(c)(2), this motion, the supporting memorandum, and the accompanying exhibits were served on counsel pursuant to Rule 5 on November 8, 2023. Counsel has not withdrawn the lawsuit or otherwise cured the issues that are the subject of this motion during the time period prescribed under Rule 11. As such, Defendants file the instant motion with the Court. Moreover, since serving this motion on counsel, counsel failed to timely respond to Defendants' Motion to Dismiss (Doc. 8) which further emphasizes Wurm's flippant attitude towards the Federal Rules of Civil Procedure and the frivolous nature of this action.

1

2. The harassing nature of their lawsuit is evident as the Complaint utterly fails to establish standing, fails to plead sufficient facts, and fails to provide any explanation as to why Siegert is included in this lawsuit.

3. Under Rule 11, an attorney must "certify to the best of [his] knowledge" that any "pleading, written motion, or other paper" submitted to the court is "not being presented for any improper purpose" and does not contain frivolous legal arguments. Fed. R. Civ. P. 11(b)(1)-(2). Therefore, Rule 11 "requires that an attorney conduct a reasonable inquiry of the factual and legal basis for a claim before filing." *Coonts v. Potts*, 316 F.3d 745, 753 (8th Cir. 2003).

4. Additionally, Rule 11 sanctions are appropriate when a pleading contains allegations or factual contentions that lack evidentiary support or when a claim is not warranted by existing law. Fed. R. Civ. P. 11; *Clark v. United Parcel Service, Inc.*, 460 F.3d 1004, 1008 (8th Cir. 2006); *Professional Management Associates, Inc. v. KPMG LLP*, 345 F.3d 1030, 1032 (8th Cir. 2003).

5. It is apparent that Wurm failed to conduct a reasonable inquiry into the factual and legal basis for a violation of 15 U.S.C. § 1692d prior to filing this lawsuit given the plethora of deficiencies in the Complaint.

6. Is it further apparent that Plaintiffs and Wurm filed this lawsuit for the improper purpose of continuing their harassing behavior towards Siegert as set forth in detail in Defendants' Memorandum in Support of their Joint Motion for Sanctions.

7. For these reasons, sanctions are warranted against Plaintiffs and Wurm.

8. In support of this Motion, Defendants incorporate by reference their Memorandum in Support of their Joint Motion for Sanctions pursuant to Federal Rule of Civil Procedure 11 as if fully set forth herein.

WHEREFORE, Defendants Rachel L. Siegert and Jenkins & King, P.C. respectfully request that this Court enter an Order:

1.) dismissing Plaintiffs' Complaint with prejudice;

2.) directing Plaintiffs, William Wurm, and Amundsen Davis, LLC to reimburse and pay Defendants for their reasonable attorneys' fees and costs expended in defending this lawsuit;

3.) for monetary sanctions against Plaintiffs, William Wurm, and Amundsen Davis, LLC; and

4.) for all such other relief as the Court deems just and proper under Federal Rule of Civil Procedure 11.

        Respectfully submitted,

        JENKINS & KLING, P.C.

        By: /s/ *Michael P. Stephens*

OF COUNSEL:
JENKINS & KLING, P.C.

        Ronald E. Jenkins #23850MO
        Michael P. Stephens, #37491MO
        Katherine I. McLaughlin, #69734MO
        Liam R. Brannon, #73640MO
        150 N. Meramec Ave., Suite 400
        St. Louis, Missouri 63105
        (314) 721-2525 Phone
        (314) 721-5525 Fax
        rjenkins@jenkinskling.com
        mstephens@jenkinskling.com
        kmclaughlin@jenkinskling.com
        lbrannon@jenkinskling.com

        *Attorneys for Defendants Rachel L. Siegert and Jenkins & Kling, P.C.*

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on November 8, 2023 the foregoing was sent to all counsel of record via Certified Mail and First-Class Mail pursuant to Federal Rule of Civil Procedure 5(b)(2).

The undersigned hereby further certifies that on November 30, 2023, the foregoing was filed electronically to be served to all counsel of record by operation of the Court's electronic filing system.

    /s/ Michael P. Stephens