EXHIBIT "2"

Electronically Filed - CITY OF ST. LOUIS - September 04, 2023 - 10:02 AM

**IN THE CIRCUIT COURT OF ST. LOUIS CITY, MISSOURI**
**TWENTY-SECOND JUDICIAL CIRCUIT**

| | |
|---|---|
| DR. WHITNEY ROSS, TRUSTEE,<br>DR. IAN ROSS, TRUSTEE,<br>DR. FRANCISCO REYNOSO,<br>and, MEGAN MOSELEY<br><br>    Plaintiffs,<br><br>    v.<br><br>D & R BUILDING GROUP, LLC,<br>JOLEN INVESTMENTS, LLC,<br>RACHEL SIEGERT,<br>PILLAR TO POST HOME INSPECTORS,<br>and, A.C.E. HOME INSPECTION SERVICE,<br><br>    Defendants**.** | Cause No. 2322-CC00955<br><br>Division No. 1 |

## PLAINTIFFS' MOTION FOR AND MEMORANDUM IN SUPPORT OF THEIR MOTION FOR A TEMPORARY RESTRAINING ORDER AGAINST RACHEL SIEGERT

COME NOW, Plaintiffs Dr. Whitney Ross, Trustee, and Dr. Ian Ross, Trustee (collectively, "Plaintiffs"), pursuant to Missouri Supreme Court Rule 92.02(b), and move this Court to grant forthwith against Defendant Rachel Siegert ("Siegert"), a temporary restraining order, with notice, requiring that Siegert cease and desist from all debt collection efforts against Plaintiffs for any costs or attorneys' fees arising out of this action or related to the parties' dispute.

### I.  BACKGROUND

In 2020, Plaintiffs sought to purchase a home in St. Louis, Missouri and located what they thought was a perfect home in the property located at 1218 Kraft Street (the "Ross Property"). The property was essentially new because it was constructed in 2018. Siegert had purchased the Ross Property brand new from defendant D&R Building Group, LLC ("DR") in early 2019 and was the only owner between the time DR constructed the Ross Property and the time the Plaintiffs

purchased the Ross Property (April 9, 2020). The Residential Sales Contract is attached hereto as **Exhibit A**.

Little did Plaintiffs know, due to significant defects, the Ross Property required construction work totaling near the entire purchase price. Siegert was aware of these defects but failed to disclose them to Plaintiffs. As a part of the sale, Siegert filled out and signed a Seller's Disclosure Statement where, among other things, she failed to disclose that the Ross Property had been leaking since it was built in 2018 and intentionally misrepresented to the Plaintiffs that she was not aware of any mold on the property. Plaintiffs pursued this action and included a claim against Siegert to recover for her intentional misrepresentations made in connection with the sale of the Ross Property.

On July 17, 2023, Siegert filed a third-party petition seeking a declaratory judgment against the Plaintiffs in their individual capacities as well as "[t]hat **Siegert be awarded her costs and attorneys' fees expended herein**." That same day, Siegert's counsel sent the Plaintiffs a debt collection letter stating the Plaintiffs currently owed Siegert $1,777.50 for her "cause of action for declaratory judgment including her attorneys' fees and costs incurred in the litigation." The Letter failed to include additional details and was clearly NOT a demand for indemnification or the like, it was a black and white debt collection letter threatening credit consequences. Siegert's letter is attached hereto as **Exhibit B**.

The Plaintiffs received this letter while already struggling to bear the emotional distress of their current hardships, including having to vacate their home permanently. *See* Aff. of Dr. Ian Ross, attached hereto as **Exhibit C**.

On August 21, 2023, Plaintiffs disputed the validity of this debt requested that Siegert verify the debt, pursuant to the Fair Debt Collections Practices Act.

In response to Plaintiffs' request that Siegert verify the debt, on August 25, 2023, Siegert sent a second letter, which explained that the Plaintiffs owed Siegert $1,777.50 for her expended attorney's fees and costs in this matter (and her third-party petition) pursuant to the Residential Sales Contract. *See* Ex. A; Siegert's second letter is attached hereto as **Exhibit D**. Siegert cited to the Residential Sales Contract's paragraph 13, which states that "[i]n the event of litigation between the parties, **the prevailing party shall recover**, in addition to damages or equitable relief, the cost of litigation including reasonable attorney's fees." Ex. A (emphasis added).

Siegert's actions are intended solely to cause the Plaintiffs distress and suffering. This Court has yet to determine a "prevailing party" in any part of this pending litigation, including Siegert's Third Party Petition. Therefore, Plaintiffs cannot owe Siegert based upon the cited Residential Sales Contract. Siegert's "debt" collection activities amount to nothing more than thinly veiled attempts to intimidate the Plaintiffs.

## II. ARGUMENT

### A. Standard.

A temporary restraining order (TRO) is warranted when the party seeking an injunction "demonstrates that immediate and irreparable injury, loss, or damage will result in the absence of relief." Mo. Sup. Ct. R. 92.02(a)(1), (b). "The purpose of [a temporary restraining order] is to preserve the status quo until the trial court adjudicates the merits of the claim for a permanent injunction." *Cook v. McElwain*, 432 S.W.3d 286, 292 (Mo. Ct. App. 2014) (citations omitted). Temporary restraining orders "are not final judgments on the merits . . . they are instead considered to be interlocutory, and not appealable." *Id*.

      B.      **Absent Injunctive Relief, Plaintiffs Will Suffer Irreparable Harm.**

Absent immediate injunctive relief, Plaintiffs will suffer irreparable harm. First, the Plaintiffs have been traumatized from this entire endeavor. They have been displaced from their home, and because of Siegert's misrepresentations, are now involved in what feels like life and death litigation to the Plaintiffs. *See* Ex. C ¶ 3; *see also* Aff. of Dr. Whitney Ross, attached hereto as **Exhibit E**. Siegert's harassing letters caused Plaintiffs severe emotional distress—ostensibly, the letters' despicable purpose. This kind of emotional response is re-triggered every time Siegert sends a letter to Plaintiffs, and if they continue to receive debt collection attempts, the emotional harm will be further irreparable.

Second, if Siegert holds out this illegitimate debt to any third parties, it will damage Plaintiffs' credit scores. *See* Ex. C ¶ 5. Again, due in part to Siegert's initial fraud, it is likely that the Plaintiffs will be re-entering the housing market within the next few years. If their credit score is decimated by a baseless, nonsensical "debt" such as this, their ability to qualify for financing will be irreparably harmed. Again, such fears are these letters' purpose.

These are not the type of harms for which monetary renumeration could ever fully compensate Plaintiffs. Furthermore, the proposed order's burden on Siegert, if any at all, would be nominal.

There is not a fact-pattern better suited for a temporary restraining order than the foregoing, compelling this Court to grant Plaintiffs' requested temporary restraining order. Plaintiffs therefore request a temporary restraining order until the Court can set a date for hearing on the preliminary injunction.

### III.  CONCLUSION

This Court should grant Plaintiffs' requested temporary restraining order to halt Siegert's continuing harm to Plaintiffs.

WHEREFORE, Plaintiffs respectfully request this Court enter a temporary restraining order, requiring that:

a. Siegert and her counsel cease and desist all debt collection efforts or related correspondence against Plaintiffs for any cost and attorney's fees arising out of this action until the lawsuit is complete;

b. Awarding Plaintiffs their attorneys' fees and costs in bringing the instant Motion; and

c. For whatever further relief the Court deems necessary and just.

Respectfully submitted,
Amundsen Davis LLC

By: /s/ William R. Wurm
William R. Wurm, #68912
Ryan Jurgiel, #72869
120 S. Central Ave., Suite 700
St. Louis, MO  63105
Telephone: (314) 719-3700
Fax: (314) 719-3710
wwurm@amundsendavislaw.com
rjurgiel@amundsendavislaw.com
Attorneys for Plaintiffs

## **CERTIFICATE OF SERVICE**

    The undersigned hereby certifies that on this 4th day of September 2023, the foregoing was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system upon all counsel of record.

                                            /s/ William R. Wurm