IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DR. WHITNEY ROSS, TRUSTEE and <br> DR. IAN ROSS, TRUSTEE, <br><br> Plaintiffs, <br><br> v. <br><br> RACHEL SIEGERT and <br> JENKINS & KLING, P.C., <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) Cause No. 4:23-cv-01295-MTS <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

**DEFENDANTS RACHEL L. SIEGERT AND JENKINS & KLING, P.C.'S REPLY TO PLAINTIFFS' SHOW CAUSE RESPONSE AND MOTION FOR LEAVE TO FILE RESPONSE TO DEFENDANTS' MOTION TO DISMISS**

**Introduction**

After failing to file an opposition to Defendants' Motion to Dismiss [Doc. 10], Plaintiffs now seek leave pursuant to Rule 6(b) to file a belated opposition to Defendants' Motion. [Docs. 16 and 16.-1]. Plaintiffs' counsel's hastily filed two (2) page motion, however, is entirely disingenuous and lacks any supporting facts demonstrating excusable neglect. Accordingly, this Court should deny Plaintiffs' Motion for Leave and dismiss this case with prejudice to put an end to the waste of judicial time, resources, and attorneys' fees caused by Plaintiffs' frivolous and baseless lawsuit.

**Standard of Review**

It is well-settled that federal courts have broad discretion under Rule 6(b)(1)(B). Specifically, the Rule provides:

> When an act may or must be done within a specified time, the court may, for good cause, extend the time:

1

    (A)   with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires; or

    (B)   on motion made after the time has expired if the party failed to act because of excusable neglect.

Fed. R. Civ. P. 6(b)(1); *see also Albright as Next Friend of Doe v. Mountain Home Sch. Dist.*, 926 F.3d 942, 951 (8th Cir. 2019) ("'[t]he primary measure of good cause is the movant's diligence' in attempting to meet deadlines").

    To determine whether Plaintiffs demonstrated excusable neglect, the Eighth Circuit provides four factors that need to be met: (1) the possibility of prejudice to the non-moving party; (2) the length of the moving party's delay, and the potential impact of the delay on judicial proceedings; (3) the reasons for the moving party's delay; and (4) whether the moving party acted in good faith. *Sugarbaker v. SSM Health Care*, 187 F.3d 853, 856 (8th Cir. 1999).

### **Argument**

    For starters, Plaintiffs' neglect in failing to file an opposition to Defendants' Motion is anything but excusable. First, Plaintiffs fail to even address the first factor regarding the possibility of prejudice to the non-moving party (Defendants). *See id.* Plaintiffs simply recite the first factor without offering any factual support. The instant Complaint [Doc. 1] was filed on the heels of their state court action being severed into two state court lawsuits, several of their claims being ordered to two separate arbitration associations, an attempted writ to the Missouri Supreme Court, an attempted writ to the Missouri Court of Appeals, and now, a lawsuit in federal court. All the while, Plaintiffs' interests have not been advanced in any forum, in any way. Time, money, and judicial resources have been utterly wasted. And Plaintiffs' counsel's indifference to these facts is glaring. The complete lack of analysis and factual support results in factor one weighing heavily in favor of Defendants.

2

Second, it is entirely disingenuous and inexcusable for Plaintiffs' counsel to claim the length of delay here is "insignificant." Plaintiffs were allotted fourteen (14) days to file an opposition and it took twenty-one (21) days to get any sort of response on file, only after being ordered by this Court to do so. This lawsuit does not involve complex issues of law. In fact, an alleged violation of a single provision of the FDCPA provides for a rather straightforward analysis—whether Defendants violated § 1692d of the FDCPA by sending Plaintiffs' counsel two notice letters in compliance with § 1692g. Plaintiffs' Show Cause Response has no teeth and appears on its face to be nothing more than a shotgun motion filed less than four (4) hours before the deadline expired. As a result, factor two weighs heavily in favor of Defendants.

Third, Plaintiffs' counsel attempts to blame his failure to file a response on his "dissociation" with Amundsen Davis LLC. Counsel dissociated from Amundsen Davis on November 22, 2023—the deadline to file a response. This hardly explains or justifies why a response was not prepared or filed leading up to the deadline, why counsel did not file the response the next day, or why counsel did not have Amundsen Davis file the response on his behalf. Regardless, the Eighth Circuit has held that an attorney's busy schedule or attention to other matters outside the case at hand does not constitute excusable neglect. *See Hawks v. J.P. Morgan Chase Bank*, 591 F.3d at 1048 (8th Cir. 2010) (citing *Stonkus v. City of Brockton Sch. Dep't*, 322 F.3d 97, 101 (1st Cir.2003) ("[m]ost attorneys are busy most of the time and they must organize their work so as to be able to meet the time requirements of matters they are handling or suffer the consequences"). Counsel's "disassociation" from Amundsen Davis does not constitute excusable neglect. As a result, factor three weighs heavily in favor of Defendants.

Finally, and similar to his analysis of the first factor, or lack thereof, Plaintiffs' counsel again just states that "Plaintiffs have acted in good faith and have every intention of meeting

3

applicable deadlines going forward." [Doc. 16, ¶ 12]. The same is yet another conclusory allegation with no factual support. Plaintiffs' counsel has waited until the last minute to file pleadings and motions in the underlying state court action and his behavior has been no different in this case. As a result, factor four weighs heavily in favor of Defendants.

In sum, Plaintiffs' Show Cause Response fails to sufficiently demonstrate excusable neglect. Accordingly, this Court should deny Plaintiffs leave to file a response to Defendants' Motion to Dismiss.

Respectfully submitted,

JENKINS & KLING, P.C.

By: /s/ *Michael P. Stephens*

OF COUNSEL:
JENKINS & KLING, P.C.

Ronald E. Jenkins #23850MO
Michael P. Stephens, #37491MO
Katherine I. McLaughlin, #69734MO
Liam R. Brannon, #73640MO
150 N. Meramec Ave., Suite 400
St. Louis, Missouri 63105
(314) 721-2525 Phone
(314) 721-5525 Fax
rjenkins@jenkinskling.com
mstephens@jenkinskling.com
kmclaughlin@jenkinskling.com
lbrannon@jenkinskling.com

*Attorneys for Defendants Rachel L. Siegert and Jenkins & Kling, P.C.*

## **CERTIFICATE OF SERVICE**

 The undersigned hereby certifies that on December 1, 2023 the foregoing was filed electronically to be served to all counsel of record by operation of the Court's electronic filing system.

               /s/ Candace Woods