THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DR. WHITNEY ROSS, | ) |
| | ) |
| DR. IAN ROSS, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | )   Case No.: 4:23-CV-1295-MTS |
| | ) |
| RACHEL SEIGERT, | ) |
| | ) |
| JENKINS & KLING, P.C., | ) |
| | ) |
| Defendants. | ) |

**PLAINTIFFS' REPLY IN SUPPORT OF THEIR RESPONSE TO THE COURT'S SHOW CAUSE ORDER AND MOTION FOR LEAVE TO FILE RESPONSE TO MOTION TO DISMISS**

COME NOW Plaintiffs Whitney Ross and Ian Ross ("Plaintiffs"), and for their Reply in Support of their Response to the Court's Show Cause Order and Motion for Leave to File Response to Motion to Dismiss state as follows:

1. Rachel Siegert and Jenkins Kling, P.C. (collectively, "Defendants"), maintain that this Court should not provide Plaintiffs leave to file their Response to Defendants' Motion to Dismiss and should dismiss Plaintiffs' Complaint. Def.s' Reply (*passim*) ("Reply").

2. To reiterate, courts in the Eighth Circuit look to the following factors to determine excusable neglect:

> (1) the possibility of prejudice to [the opposing party]; (2) the length of the [moving party's] delay and the possible impact of that delay on judicial proceedings; (3) [the moving party's] reasons for delay, including whether the delay was within its reasonable control; and (4) whether [the moving party] acted in good faith.

*Sugarbaker v. SSM Health Care*, 187 F.3d 853, 856 (8th Cir. 1999).

3. "Whether a party's neglect of a deadline is excusable 'is at bottom an equitable' inquiry." *Spirit Lake Tribe v. Jaeger*, 5 F.4th 849, 854 (8th Cir. 2021) (quoting *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993)).

4. Excusable neglect "'is understood to encompass situations in which the failure to comply with a filing deadline is attributable to negligence.' Whether a party's neglect of a deadline may be excused is an equitable decision turning on 'all relevant circumstances surrounding the party's omission.'" *Ceridian Corp. v. SCSC Corp.*, 212 F.3d 398, 403 (8th Cir. 2000) (quoting *Pioneer Inv. Services Co. v. Brunswick Associates Ltd. Partnership,* 507 U.S. 380, 394 (1993)).

5. Defendants first argue that "Plaintiffs fail to even address the first factor regarding the possibility of prejudice to the non-moving party (Defendants)." Reply at p. 2.

6. Plaintiffs' brief stated that their tardiness will not cause Defendants to suffer any prejudice given the short delay of a week, especially given that courts often analyze the first two factors together. *See, e.g. Smith v. Smith, No.* 3:22-CV-03011-RAL, 2022 WL 4112389, at *2 (D.S.D. Aug. 25, 2022) ("The first two factors weigh in favor of allowing the late response. Plaintiff filed his brief in opposition to the motion to dismiss **only ten days** past the initial deadline." (emphasis added)).

7. Defendants failed to identify the prejudice necessary to support their position that the Court should not provide Plaintiffs leave to file their Response to the Motion to Dismiss.

8. Relatedly, the seven-day delay (from 14 to 21 days, as Defendants agree), will have no impact on the proceedings, as evidenced by this Court's orders and other Eighth Circuit courts' prior orders.

9. For example, in *Wilson v. Jefferson Cnty.*, No. 4:18-CV-1957 CAS, 2019 WL 2437503, at *1 (E.D. Mo. June 11, 2019), this Court granted a Motion for Leave to File Out of

Time in regard to a pending Motion to Dismiss filed on May 29, 20219, for which the response was due on June 5, 2019.

10. The *Wilson* Plaintiffs did not file their Response until June 7, 2019 (late and without any motion for leave); the trial court struck the Response on June 10, 2019; and the Plaintiffs filed a motion for leave to file out of time on June 11, 2019. *Id*.

11. This Court concluded that "[t]his short delay has no adverse impact on judicial proceeding;" and granted the plaintiff's motion for leave to file out of time.[1] *Id*.; *see also Cannon v. SSM Health Care*, No. 4:14CV848 CDP, 2014 WL 3600405, at *1 (E.D. Mo. July 22, 2014) ("Plaintiff Cannon filed her response in opposition to the defendant's motion to dismiss nearly three weeks late, without receiving an extension or leave from this Court."), *Williamson v. Gen. Revenue Corp.*, No. 4:18-CV-01394 JAR, 2018 WL 5396262, at *1 (E.D. Mo. Oct. 29, 2018) ("[W]ell past the deadline for responding, Plaintiff requested an extension of time to respond to Defendant's motion to dismiss. Defendant opposed the request because Plaintiff had not established excusable neglect to warrant the extension. . . . [t]he Court ordered Plaintiff to show cause why his motion for extension of time to respond should not be denied. . . . Plaintiff's counsel further stated that he had neglected to properly calendar the response date for Defendant's motion to dismiss. . . . On October 24, 2018, the Court granted Plaintiff until October 31, 2018 to file a response to Defendant's motion to dismiss or a motion for leave to amend his complaint with the proposed amended complaint attached."), *and Fleishman Hillard, Inc. v. McCombs,* No. 4:10-CV-676 CAS, 2010 WL 5279988, at *2 (E.D. Mo. Dec. 17, 2010) (granting leave to file a Motion to Dismiss "out of time"—indeed, "technically eight days late.")

---

[1] This Court further found: "c[]onsidering all of the circumstances, the Court concludes that plaintiff's failure to comply with the Local Rule's deadline for responding to defendants' motion to dismiss, though to some extent within her own control, was nonetheless excusable neglect." *Id*. at *2.

12.     Further, just like in this case, there is "no evidence to show that [Plaintiffs' counsel] was acting in bad faith." *Smith v. Smith*, No. 3:22-CV-03011-RAL, 2022 WL 4112389, at *3 (D.S.D. Aug. 25, 2022).

13.     Similar to the instant matter, in *Williams v. Walmart*, No. 4:22-CV-1386 RLW, 2023 WL 4824756, at *2 (E.D. Mo. July 27, 2023) (discussing a pro se plaintiff), this Court stated,

> Plaintiffs had not filed a response in opposition to the motion to dismiss and now claim in their motion to set aside the judgment that their failure to respond was a matter of "excusable neglect," as that term is used under Rule 60(b)(1). This Court agrees, although it is a close case. The neglect is excusable in view of the uncontested fact that Tamar Hamm, the attorney handling the case for plaintiff's law firm, C. Marshall Friedman, P.C., left the firm just before the motion to dismiss was filed, and as a result, the case was "lost in the shuffle." Further, once other attorneys in the firm first realized that a dismissal had been entered, immediate steps were taken to rectify the problem by way of the instant motion.

*Id*.

14.     The foregoing demonstrate that Plaintiffs' tardiness comprises excusable neglect, given the lack of prejudice and the short delay (as the foregoing cases agree).

15.     Defendants also allege that Plaintiffs' counsel's disassociation with Amundsen Davis on the morning of November 22, 2023, does not justify the delay because busy schedules do not comprise excusable neglect. Reply at p. 3.

16.     Plaintiffs' counsel only proffered his disassociation with Amundsen Davis because during the transition, specifically the day and time on which the Response to Defendants' Motion to Dismiss was due, Plaintiff's counsel did not even have access to Amundsen Davis's system and it was unclear exactly how the Plaintiffs would proceed in terms of representation (the case file was only transferred to Mr. Wurm on November 28, 2023, after the clients signed a letter identifying who would represent them going forward).

17. Similar to *Williams v. Walmart*, *supra*, this responsive deadline was lost in the shuffle (not to underscore deadlines' import).

18. Finally, Defendants allege that Plaintiffs' allegations of good faith are unsupported—without offering any evidence demonstrating bad faith or the like. Reply at pp. 3-4.

19. Defendants do not identify other deadlines Plaintiffs have missed in this case or others, but rather, allege that "last minute" filings (prior to deadlines) somehow comprise bad faith. Reply at p. 4.

WHEREFORE, Plaintiffs respectfully request that the Court enter an Order permitting Plaintiffs to file their Response to Defendants' Motion to Dismiss and for whatever further relief the Court deems necessary and just.

Dated: December 5, 2023　　　　　　　Respectfully submitted,

**Wurm, L.C.**

*/s/ William R. Wurm*
William R. Wurm, #68912(MO)
9223 Citadel Court
St. Louis, MO 63123
Telephone: (636) 439-9858
william@wurmlc.com
*Attorneys for Plaintiffs*

**CERTIFICATE OF SERVICE**

      The undersigned hereby certifies that a true and correct copy of the foregoing document was electronically filed and served to counsel via the Court's e-filing system on this Fifth day of December, 2023, addressed to the following attorney(s) of record:

Liam R. Brannon
JENKINS & KLING, P.C.
150 North Meramec Avenue
Suite 400
St. Louis, MO 63195
Email: lbrannon@jenkinskling.com

                                                  */s/ William R. Wurm*