IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASETERN DIVISION—ST. LOUIS CITY

| | |
|---|---|
| DR. WHITNEY ROSS, | ) |
| | ) |
| DR. IAN ROSS, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | )  Case No.: 4:23-CV-1295 |
| | ) |
| RACHEL SEIGERT, | ) |
| | ) |
| JENKINS & KLING, P.C., | ) |
| | ) |
| Defendants. | ) |

**PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTION TO DISMISS**

COME NOW Plaintiffs Whitney Ross and Ian Ross ("Plaintiffs") and for their response to this Defendants Rachel Siegert's and Jenkins Kling, P.C.'s (collectively, "Defendants"), Motion to Dismiss, state as follows:

**BACKGROUND**

On October 14, 2023, Plaintiffs filed their Complaint against Defendants Rachel Siegert and Jenkins & Kling (Doc. 1). On November 8, 2023, Defendants filed their Motion to Dismiss (Doc. 10) and accompanying Memorandum in Support (Doc. 11). Plaintiffs' response to Defendants' Motion to Dismiss was due on November 22, 2023. Undersigned counsel Wurm dissociated with Amundsen Davis on November 22, 2023, while Amundsen Davis remained counsel of record for Plaintiffs. Undersigned counsel Wurm, as of Monday, November 27, 2023, represents Plaintiffs, pursuant to a jointly issued letter of election of counsel from Wurm LC and Amundsen Davis LLC.

# ARGUMENT

### A. Standard.

"A district court has the authority to dismiss an action for lack of subject matter jurisdiction on any one of three separate bases: (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Johnson v. United States*, 534 F.3d 958, 962 (8th Cir. 2008)

> Federal Rule of Civil Procedure 8 requires that a complaint present a short and plain statement of the claim showing that the pleader is entitled to relief. In order to meet this standard, and survive a motion to dismiss under Rule 12(b)(6), a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.

*Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585, 594 (8th Cir. 2009) (internal quotation marks omitted).

### B. Plaintiffs have pled concrete injuries in fact and have standing.

Defendants assert that Plaintiffs have not sufficiently pled concrete injuries sufficient to establish standing resulting from Defendants' wrongdoing. "To establish standing, Plaintiff must show: (i) that she 'suffered an injury in fact that is concrete, particularized, and actual or imminent;' (ii) that the injury likely was caused by Defendant; and (iii) that judicial relief likely would redress the injury." *Ebaugh v. Medicredit, Inc.*, No. 4:23-CV-209-MTS, 2023 WL 5289226, at *1 (E.D. Mo. Aug. 17, 2023) (quoting *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560–61 (1992)). In *Ebaugh*, this Court dismissed (with leave to amend) a complaint under the FDCPA where the only harm alleged was that the plaintiff was alarmed, confused and emotionally distressed (loss of sleep, worry). *Id*. at *2. Plaintiffs fix *Ebaugh's* pleading deficiencies with the requisite concrete in the Complaint's paragraph 34: "Defendants' actions were intended solely to cause Ross distress

and suffering and Defendants have succeeded, resulting in the **<u>Ross' suffering from loss of sleep, nausea, and other physical and emotional manifestations of this distress</u>**." Compl. at ¶ 43 (emphasis added).

Defendants argue that "Plaintiffs allege much less than the plaintiff in *Ebaugh*" and that "[t]There is not a single allegation in the Complaint that asserts Plaintiffs were injured let alone allegations that sufficiently allege an actual, concrete injury," and cite to the Complaint's paragraphs 33-42. Def.s' Mem. In Supp. of MTD at 6-7 ("MTD"). As shown above, the Complaint's paragraph 43, which Defendants failed to address in this context, contains concrete injuries in fact, including the multitude of physical manifestations of their distress.

Defendants also allege that they cannot be liable because Defendants were simply complying with the FDCPA's responsive requirements upon Plaintiffs' disputing the alleged debt. MTD at p. 7. This argument fails because it does not address the initial letter. Moreover, the second letter, if anything, provided Defendants the opportunity to rectify their erroneous first letter, by stating there is no debt—instead, Plaintiffs asserted the debt's legitimacy. The FDCPA does not require a party to confirm a debt if the debt does not really exist.

Defendants further allege that Plaintiffs fail to address any nexus between their wrongdoing and Plaintiff's harm. Yet, Plaintiffs state: "Defendants' actions were intended solely to cause Ross distress and suffering and Defendants have succeeded, resulting in the Ross' suffering from loss of sleep, nausea, and other physical and emotional manifestations of this distress." Compl. at ¶ 43.

Defendants' allegation that Plaintiffs lack standing to sue Siegert given that she did not send the letters at issue and she is not a debt collector. MTD. at p.8. "Vicarious liability under the FDCPA is appropriate when a client exercises control over the conduct or activities of the attorneys it has hired for debt collection." *Chapman v. J & M Sec.*, No. 4:15CV1042 TCM, <u>2015 WL</u>

5785952, at *3 (E.D. Mo. Oct. 1, 2015) (quoting *Kniley v. Citibank, N.A.*, 2015 WL 1535668, *4 (N.D. Cal. Apr. 6, 2015)). Plaintiffs' complaint alleges: "on August 25, 2023, Jenkins & Kling, on behalf of Siegert, sent a second letter, which asserted that Ross owed Siegert $1,777.50 for her attorneys' fees and costs. . . ." Compl. at ¶ 27. Defendants fail to address the agency Plaintiffs have pleaded, between Siegert and Jenkins and Kling, which is obvious given that the latter represents the former in the lawsuit underlying this matter.

### C. **Plaintiffs' Complaint seeks legitimate relief.**

Defendants allege that Plaintiffs' Complaint has no purpose but to harass and that Plaintiffs are seeking split cause(s) of action. MTD. at p. 13-14. Defendants cite to no law supporting dismissal on these bases and indeed, Defendants admit that their own arguments are not effective given the results of state court litigation. MTD at p. 13 ("**Had** Plaintiffs writ of prohibition been successful. . . ." (emphasis added)). Further, to the extent that Defendants feel this action should be combined with the state court action, Plaintiffs will consent to any motion to effect consolidation in this Court on the basis of supplemental jurisdiction. Finally, regardless of whether Defendants will no longer commit FDCPA violations, their prior wrongdoing is actionable and Plaintiffs provided many opportunities over months, to simply state they would not send any further letters and Defendants refused.

### D. **Plaintiffs properly allege that Jenkins & Kling violated the FDCPA.**

Defendants claim that Plaintiffs failed to allege that Defendants engaged in any harassing conduct. MTD. at p. 11-12. Plaintiffs allege the absence of a debt and thus, the letters at issue demanding payment of such debt inherently comprise an attempt to harass. Compl. (*passim*).

WHEREFORE, Plaintiffs respectfully request that the Court enter an Order denying Defendants' Motion to Dismiss and for whatever further relief the Court deems necessary and just.

Dated: November 29, 2023             RESPECTFULLY SUBMITTED,

**WURM, L.C.**

<u>/s/ William R. Wurm</u>
William R. Wurm, #68912(MO)
9223 Citadel Court
St. Louis, MO 63123
Telephone: (636) 439-9858
william@wurmlc.com

*Attorneys for Plaintiffs*

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the foregoing document was electronically filed and served to counsel via the Court's e-filing system on this 28th day of November, 2023, addressed to the following attorney(s) of record:

Liam R. Brannon
JENKINS & KLING, P.C.
150 North Meramec Avenue
Suite 400
St. Louis, MO 63195
Email: lbrannon@jenkinskling.com

*/s/ William R. Wurm*