**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **DR. WHITNEY ROSS, TRUSTEE and** | ) | |
| **DR. IAN ROSS, TRUSTEE,** | ) | |
| | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | Cause No. 4:23-cv-01295-MTS |
| v. | ) | |
| | ) | |
| **RACHEL L. SIEGERT and** | ) | |
| **JENKINS & KLING, P.C.,** | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS' JOINT REPLY**
**IN SUPPORT OF THEIR JOINT MOTION TO DISMISS**

**Summary of Argument**

First, Plaintiffs' Opposition misleads this Court by misrepresenting the allegations actually

pled. A plain reading of the operative Complaint reveals no allegations or facts that Plaintiffs

suffered any actual or imminent, concrete, and particularized injuries to confer standing under

Article III. In fact, the Complaint fails to allege that Plaintiffs suffered or sustained *any* injuries.

Second, Plaintiffs' Opposition takes a noticeably conflicting position in that it claims

Defendants violated the FDCPA, but also alleges the absence of a debt under the FDCPA. If the

debt at issue does not constitute a "debt" under the FDCPA, as Plaintiffs claim, then the FDCPA

has no application. The result of which necessitates dismissal of this lawsuit for lack of subject

matter jurisdiction and failure to state a claim upon which relief may be granted.

A plain and liberal reading of the Complaint reveals no plausible facts or allegations that

(1) confer standing under Article III and (2) fails to allege plausible facts supporting Plaintiffs'

claim that Defendants violated 15 U.S.C. § 1692d of the FDCPA. As such, this Court should dismiss this lawsuit with prejudice pursuant to Rule 12(b)(1) and 12(b)(6), respectively.

**Argument**

**I.**   **DESPITE PLAINTIFFS' ATTEMPT TO MISLEAD THIS COURT, THE COMPLAINT ON ITS FACE FAILS TO CONTAIN FACTS THAT ESTABLISH THE FIRST ELEMENT OF STANDING.**

The first element of standing requires Plaintiffs to establish that they "suffered an injury in fact that is concrete, particularized, and actual or imminent." *Lujan v. Defs. of Wildlife*, 504 U.S. at 560 (1992). The Opposition erroneously represents to this Court the allegations actually pled concerning the suffering of alleged injuries. Specifically, Plaintiffs confusingly cite Paragraphs 34 and 43 of the Complaint, [Doc 1. ¶¶ 34, 43], to argue they sufficiently pled facts to confer standing. [Doc. 26 at 2-3]. These allegations, however, have nothing to do with any alleged injuries.[1] The only allegation in the Complaint that appears to concern injuries, albeit emotional injuries, is Paragraph 39. [Doc. 1, ¶ 39] ("Defendants' actions were intended solely to cause [Plaintiffs] distress and suffering"). But this allegation is simply a conclusory statement and fails to contain any plausible facts that Plaintiffs did indeed *sustain* injuries. Plaintiffs' claim that it sufficiently pled actual, concrete, and particularized injuries is pure fiction. [Doc. 26 at 2-3].[2]

Even if Plaintiffs pled—which they did not—that Defendants' alleged conduct caused Plaintiffs to suffer "loss of sleep, nausea, and other physical and emotional manifestations of distress," the Complaint on its face would still fail to establish standing. [Doc. 26 at 2-3].

---

[1]   Paragraph 34 of the Complaint alleges: "Plaintiffs are each a 'consumer' as defined by 15 U.S.C. §1692a(3)." Paragraph 43 alleges: "Plaintiffs demand a trial by jury." These allegations have nothing to do with actual, concrete and particularized injuries let alone any injuries whatsoever.

[2]   Plaintiffs incorrectly claim they alleged the following: "Defendants' actions were intended solely to cause Ross distress and suffering and Defendants have succeeded, resulting in the Ross' suffering from loss of sleep, nausea, and other physical and emotional manifestations of this distress." This allegation is nowhere to be found in the Complaint.

Emotions such as "loss of sleep" and "nausea" are not considered actual, concrete, and particularized injuries. *See Ebaugh v. Medicredit, Inc.*, No. 4:23-CV-209-MTS, 2023 WL 5289226, at *2 (E.D. Mo. Aug. 17, 2023) (citing *Garland v. Orlans, PC*, 999 F.3d 432, 439 (6th Cir. 2021); *Perez v. McCreary, Veselka, Bragg & Allen, P.C.*, 45 F.4th 816, 824 (5th Cir. 2022); *Pierre v. Midland Credit Mgmt., Inc.*, 29 F.4th 934, 939 (7th Cir. 2022); and *Ojogwu v. Rodenburg L. Firm*, 26 F.4th 457, 463 (8th Cir. 2022) (citing *Buchholz v. Meyer Njus Tanick, PA*, 946 F.3d at 864 (6th Cir. 2020) and *Pennell v. Global Trust Management, LLC*, 990 F.3d 1041, 1045 (7th Cir. 2021)).[3] Regardless, it is apparent from the face of the Complaint that there are no allegations that Defendants *caused* Plaintiffs to *suffer* loss of sleep or nausea. Additionally, conclusory and unsupported allegations that Plaintiffs suffered from other "physical and emotional manifestations of this distress" without plausible factual support is insufficient. *See Ashcroft v. Iqbal*, 556 U.S. at 678 (2009) ("[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice"). Thus, the references to same in the Opposition, [Doc. 26 at 2-3], is irrelevant.

Ultimately, the Complaint on its face is entirely devoid of allegations that Plaintiffs suffered actual or imminent, concrete, and particularized injuries. As such, this Court lacks subject matter jurisdiction under Rule 12(b)(1). Therefore, this Court should dismiss this lawsuit with prejudice on this basis alone.

**II.**     **PLAINTIFFS' OPPOSITION IS IN CONFLICT WITH THE FDCPA IN THAT IF THE ATTORNEYS' FEES REQUESTED IN THIS CASE DO NOT QUALIFY AS A DEBT UNDER § 1692a(5), THEN THE FDCPA HAS NO APPLICATION, AND THEREFORE, PLAINTIFFS' CLAIM FAILS.**

A.   Attorneys' fees are "debts" pursuant to § 1692a(5).

---

[3]       *See Buchholz*, 946 F.3d at 864 (citing Restatement (Second) of Torts § 46 (1965)): "'Emotional distress passes under various names, such as mental suffering, mental anguish, mental or nervous shock, or the like. It includes all highly unpleasant mental reactions, such as fright, horror, grief, shame, humiliation, embarrassment, anger, chagrin, disappointment, worry, and nausea.'" *See also Garland*, 999 F.3d at 438 (underline emphasis added) (discussing *Buchholz*).

The crux of Plaintiff's Opposition, and case in general, is that attorneys' fees requested by a debt collector pursuant to a valid contract are not "debts" under the FDCPA. [Doc. 26 at 4]. Yet the Opposition fails to cite any case law in support—that is because no such law exists. There is a plethora of case law that holds attorneys' fees are "debts" for purposes of the FDCPA. Indeed, § 1692a(5) defines the term "debt" broadly and courts interpret it as such. *See Duffy v. Landberg*, 133 F.3d 1120, 1123 (8th Cir. 1998) ("[t]he FDCPA is clearly worded and broadly defines debt as 'any obligation' [or alleged obligation] to pay arising out of a consumer transaction").

The Seventh Circuit analyzed whether attorneys' fees qualify as a "debt" under the FDCPA. *Spiegel v. Kim*, 952 F.3d 845-47 (7th Cir. 2020) (analyzing whether attorneys' fees are debts under the FDCPA, stating "[t]he crucial question is the legal source of the obligation"); *Berman v. GC Servs. Ltd. P'ship*, 146 F.3d 482, 484 (7th Cir. 1998) (implementing two-part test to determine whether a debt qualifies under the FDCPA).

In *Spiegel*, a condominium association's attorney (Kim) requested attorneys' fees during the pendency of a state court action that arose from another individual's (Speigel) actions as a board member regarding the purchase of a condominium. *Id.* at 845-47. Spiegel filed suit in federal court claiming violations of the FDCPA while the state court action was ongoing. *Id.* The *Spiegel* court analyzed whether the attorneys' fees sought in an underlying state court action constituted a "debt" within the meaning of § 1692a(5). *Id.* The *Spiegel* court held that the attorneys' fees sought by Kim against Spiegel did not arise out of a consumer transaction. *Id.* As a result, the FDCPA did not apply and the *Spiegel* court affirmed the district court's judgment in favor of Kim. *Id.*

Like *Spiegel*, Jenkins and Kling requested attorneys' fees in an underlying state court action from Plaintiffs. [Doc. 1 ¶ 19]. The attorneys' fees arose from a real estate contract between three consumers: Siegert (seller) and Plaintiffs (buyers). [Doc. 1 ¶ 13]. Plaintiffs filed suit in

federal court alleging violation of § 1692d during the pendency of the state court action. [Doc 1. ¶ 38]. Unlike *Spiegel*, however, the source of the attorneys' fees requested here arises out of a consensual consumer transaction for the sale and purchase of personal property—the 1218 Kraft Street Home. *See* § 1692a(5); [Doc 1 ¶ 5, Exhibit A]; [Doc. 11 at 2-3]. Because the attorneys' fees requested arise out of a consumer transaction for personal, family, or household purposes, the attorneys' fees at issue constitute a "debt" for purposes of the FDCPA. *Spiegel*, 952 F.3d at 845-47 (emphasis added).

Several other courts have also held that requests for attorneys' fees fall squarely within the framework of the FDCPA. *Mayhall v. Berman & Rabin, P.A.*, No. 4:13CV0175 AGF, 2014 WL 340215, at *5 (E.D. Mo. Jan. 30, 2014) (holding a request for attorneys' fees does not violate the FDCPA and citing several cases in support, including *Kirscher v. Messerli & Kramer, P.A.*, No. 05–1901, 2006 WL 145162, at *5–6 (D. Minn. Jan. 18, 2006) (rejecting a claim that a law firm's attempts to collect, as a reasonable attorney's fee, an amount based on a contingency fee violated the FDCPA), *Singer v. Pierce & Assoc., P.C.*, 383 F.3d 596, 597–98 (7th Cir.2004) (holding that no FDCPA violation occurred where credit agreement explicitly permitted the collection of a reasonable fee), *Shapiro v. Riddle & Assocs., P. C.*, 240 F.Supp.2d 287, 289–90 (S.D.N.Y.2003), aff'd, 351 F.3d 63 (2d Cir.2003) (holding that it was not an FDCPA violation to include an attorney's fee in a debt collection letter when that fee was authorized by an agreement between the creditor and debtor)) (emphasis added).

Even if this Court were to determine that the attorneys' fees requested do not constitute a debt under the FDCPA, as Plaintiffs argue in the Opposition, this lawsuit should still be dismissed because the FDCPA would effectively have no application here. *Benbrooks v. Voigt, Rode & Boxeth, LLC*, No. CIV. 15-1896 PAM/HB, 2015 WL 4601193, at *2 (D. Minn. July 30, 2015)

(stating if the FDCPA does not apply, then all claims under the FDCPA fail). <u>Plaintiffs are clearly obvious to their contradictory position taken in that their Opposition indirectly argues for dismissal of this lawsuit based on the "absence" of a debt.</u> [Doc 26 at 3-4], [Doc 1 ¶ 35]. If there is no "debt," the FDCPA cannot apply.

Case law supports the notion that the attorneys' fees requested by Jenkins & Kling constitute a debt under the FDCPA. And Defendants are unaware of any cases holding law firms liable for violations of <u>§ 1692d</u> of the FDCPA by sending two letters addressed to a plaintiff's attorney in compliance with § 1692g. Therefore, Plaintiffs have failed to state a claim.

    B.   <u>The notice of debt and validation of debt letters addressed to Plaintiffs' counsel pursuant to § 1692g do not constitute harassment in violation of § 1692d.</u>

The Opposition further contends that Plaintiffs only need to allege "the absence of a debt" to establish "an attempt to harass." This position is unconvincing and not supported by any case law. *See Payne v. Sansone L.*, *LLC*, No. 4:15-CV-795-CEJ, 2016 WL 827943, at *3 (E.D. Mo. Mar. 3, 2016) (passing reference to § 1692d in a complaint that "does not set forth any facts that would plausibly suggest that defendant's conduct violated any of the enumerated provisions in that section, or that its conduct was harassing, oppressive, or abusive" is conclusory). Additionally, this argument is nonsensical because, as previously stated, if no "debt" exists under the FDCPA, then the FDCPA does not apply.

The Opposition further fails to acknowledge the fact that the letters sent pursuant to § 1692g were addressed and mailed to Plaintiffs' counsel. [Doc. 11 at 3-4]. Not only did Plaintiffs fail to act to their detriment, but they also failed to take any action in paying the demand amount, resulting in no harm. The Eighth Circuit established that "[w]here an attorney is interposed as an intermediary between a debt collector and a consumer, we assume the attorney, rather than the FDCPA, will protect the consumer from a debt collector's fraudulent or harassing behavior."

*Powers v. Credit Mgmt. Servs., Inc.*, 776 F.3d 567, 573 (8th Cir. 2015) ("a representation by a debt collector that would be unlikely to deceive a competent lawyer, even if he is not a specialist in consumer debt law, should not be actionable") (citation omitted). Plaintiffs' counsel should have advised his clients on the outcome of the TRO and the contract language that prevented Defendants from collecting the amounts claimed until a judgment was rendered in the underlying state court action. *See* [Doc. 11 at 2-4]. More importantly, Plaintiffs are still under the protection of the TRO and the state court judge who has "ample power to sanction a debt collector for engaging in vexatious litigation tactics." *Powers*, 776 F.3d 567, 573–75 (citation omitted). The filing of a TRO and then a lawsuit in federal court was not only drastic but unnecessary. *Id.* Plaintiffs did not need the "protection" of the FDCPA because they had already retained a lawyer to represent them in the underlying action, from which this lawsuit arises from. *Id.*

Moreover, § 1692d(1)-(6) provides several examples of violative conduct that constitute harassment under the FDCPA. <u>None of the examples listed in that section have been alleged by Plaintiffs</u>. (<u>emphasis added</u>). And the Complaint lacks any plausible facts that could allow this Court to reasonably infer any conduct Defendants engaged in that qualifies as a § 1692d violation.

As such, this Court should dismiss this lawsuit with prejudice because Plaintiffs failed to state a claim upon which relief may be granted pursuant to Rule 12(b)(6).

**III.   PLAINTIFFS' OPPOSITION FAILED TO ESTABLISH THAT SIEGERT IS A DEBT COLLECTOR UNDER THE FDCPA AND THEREFORE, SIEGERT CANNOT BE HELD VICARIOUSLY LIABLE FOR THE ALLEGED CONDUCT OF JENKINS & KLING.**

The Opposition argues Siegert should not be dismissed from this lawsuit because she is vicariously liable for Jenkins & Kling's alleged FDCPA violation. [Doc. 26 at 3-4]. Plaintiffs further argue that Defendants failed to "address the agency Plaintiffs have, between Siegert and

Jenkins & Kling" and cite to *Chapman v. J & M Sec.*, 2015 WL 5785952, at *3 (E.D. Mo. Oct. 1, 2015) in support. This argument, however, fails for multiple reasons.

First, Plaintiffs never addressed Defendants' argument that Siegert does not qualify as a debt collector under the FDCPA. *See* [Doc. 26 *infra*], [Doc. 11 at 9-11]. Principles of agency aside, the FDCPA's purpose is "designed to protect consumers from the 'abusive, deceptive and unfair debt collection practice' of debt collectors." *Worch v. Wolpoff & Abramson, L.L.P.*, 477 F. Supp. 2d 1015, 1018 (E.D. Mo. 2007) (citing 15 U.S.C. § 1692, *et seq.*). Thus, Plaintiffs must plausibly allege facts that would allow this Court to reasonably infer that Siegert, an individual, is a debt collector under the FDCPA before she can be held vicariously liable for Jenkins & Kling's alleged conduct. *See Boldon v. Messerli & Kramer, P.A.*, 92 F. Supp. 3d 924, 934 (D. Minn. 2015) ("it is possible 'that vicarious liability may attach in the context of an attorney-client relationship where both the attorney and client are debt collectors'"). Defendants maintain that Siegert cannot conceivably qualify as a debt collector under the FDCPA because she is an individual whose principal purpose is not debt collection nor has she ever engaged in the practice of debt collection. [Doc. 11 at 9-11]; *see also* § 1692a(6); *see also Reygadas v. DNF Assocs.*, LLC, 982 F.3d 1119, 1122 (8th Cir. 2020).

Second, *Chapman*'s discussion of agency that Plaintiffs cite to is pure dicta. *Chapman* states that *sometimes* courts will hold clients vicariously liable for the conduct of their attorneys. *Chapman v. J & M Sec.*, 2015 WL 5785952, at *3 (citations omitted). But those cases exclusively deal with fact patterns where both parties (agent/principal or attorney/client) qualify as debt collectors under the FDCPA. Siegert is not a debt collector under the FDCPA and therefore, cannot be held vicariously liable. [Doc 11 at 9-11]. As a result, Plaintiffs' argument must fail.

## Conclusion

For the reasons set forth above, this Court should dismiss this lawsuit with prejudice pursuant to Rule 12(b)(1) and Rule 12(b)(6).

Respectfully submitted,

JENKINS & KLING, P.C.

By: /s/*Michael P. Stephens*

OF COUNSEL:
JENKINS & KLING, P.C.

Ronald E. Jenkins #23850MO
Michael P. Stephens, #37491MO
Katherine I. McLaughlin, #69734MO
Liam R. Brannon, #73640MO
150 N. Meramec Ave., Suite 400
St. Louis, Missouri 63105
(314) 721-2525 Phone
(314) 721-5525 Fax
rjenkins@jenkinskling.com
mstephens@jenkinskling.com
kmclaughlin@jenkinskling.com
lbrannon@jenkinskling.com

*Attorneys for Defendants Rachel L. Siegert
and Jenkins & Kling, P.C.*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on December 14, 2023 the foregoing was filed electronically to be served to all counsel of record by operation of the Court's electronic filing system.

/s/ Candace Woods