IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DR. WHITNEY ROSS, TRUSTEE, and<br>DR. IAN ROSS, TRUSTEE,<br><br>   Plaintiffs,<br><br>v.<br><br>RACHEL L. SIEGERT and<br>JENKINS & KLING, P.C.,<br><br>   Defendants. | )<br>)<br>)<br>)<br>)<br>)  Cause No. 4:23-cv-01295-MTS<br>)<br>)<br>)<br>)<br>)<br>) |

**DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION FOR SANCTIONS**

COME NOW Defendants, Rachel L. Siegert and Jenkins & Kling, P.C. (collectively, "**Defendants**"), by and through the undersigned counsel, and hereby file their Reply in Support of their Motion for Sanctions, and state the following:

**Recent Procedural Maneuver**

On October 14, 2023, Mr. Wurm filed Plaintiffs' initial Complaint.[1] Wurm failed to send a copy of the initial Complaint to Defendants despite requesting waiver of service. As a result, on October 16, 2023, at 7:45 a.m., Defendants' counsel accessed PACER and downloaded the initial Complaint. Defendants utilized the initial Complaint throughout the briefing of their Motion to Dismiss and Motion for Sanctions. Wurm asserted certain facts were pled that did not appear in the initial Complaint filed. Accordingly, on December 18, 2023, Defendants' counsel re-downloaded the Complaint, and it became clear that at some point in time, the Complaint was substituted for an altered version ("Second Complaint").

---

[1] Defendants refer this Court to their Supplemental Motion and Memorandum in Support of Defendants' Motion to Dismiss filed on December 20, 2023, [Doc. 29 and 29-1], that contains a detailed summary of the recent maneuver. Defendants incorporate by reference the arguments and facts asserted therein.

1

On December 18, 2023, Defendants' counsel notified the Court's case manager of this discrepancy. The case manager informed counsel that according to the Court's records, the Second Complaint was substituted on October 16, 2023, on or around 9:05 a.m. The Second Complaint contained new allegations and facts that were not present in the initial Complaint. More importantly, Defendants did not receive notice or service of the Second Complaint despite the Second Complaint's certificate of service stating service was properly executed. As a result, the parties based their briefing on two different Complaints. Ultimately, Wurm surreptitiously substituted the initial Complaint for a substantially different, amended version and therefore, improperly amended the initial Complaint under Rule 15 without notice to or service on Defendants' counsel. Moreover, Wurm violated E.D. Mo. L.R. 2.02(B) by failing to request and provide waivers of service for each defendant.

Despite the two new pages of allegations, Plaintiffs' Second Complaint still fails to establish standing, still fails to state a claim, and Defendants' arguments in the Motion to Dismiss remain applicable and dispositive. Nonetheless, this most recent procedural maneuver evidences Wurm's objective failure to comply with the rules of civil procedure and a reckless disregard of his duties to this Court warranting monetary sanctions.

## Summary of Reply

Mr. Wurm acknowledges this Court's recent analysis of the requirements of Article III standing in *Ebaugh*, yet the Second Complaint still alleges the suffering of only emotional injuries, which are not actionable and fail to confer standing. Furthermore, Wurm is effectively arguing for application of the FDCPA while also indirectly arguing against its application by claiming the absence of a debt. Lastly, Wurm is further arguing for liability against a consumer and a creditor (Siegert), which is not harmonious with long standing Eighth Circuit precedent regarding the

FDCPA's purpose in imposing liability against debt collectors, only. These glaring deficiencies and contradictions represent a direct contravention of established law and precedent surrounding the application and purpose of the FDCPA. The Second Complaint and Wurm's legal contentions are not warranted by existing law and the factual allegations lack any evidentiary support for an alleged violation of § 1692d. The record is sufficient to support the conclusion that, when viewed objectively, Wurm acted with reckless disregard of his duties to this Court by filing this lawsuit. The result of which necessitates the imposition of sanctions under Rule 11.

## Argument

**I.   WURM'S RESPONSE REAFFIRMS DEFENDANTS' POSITION THAT PLAINTIFFS' CLAIM IS NOT ACTIONABLE.**

Wurm's Response, [Doc. 27 at 10-11], claims the Second Complaint adequately pled actual or imminent, concrete and particularized injuries in accordance with the precedent set forth in *Ebaugh*. However, a plain reading of the Second Complaint shows this not to be the case. The Second Complaint still alleges emotional injuries for "loss of sleep" and "nausea" with a vague and conclusory reference to "other physical and emotional manifestations." [Doc. 27 at 10]. These allegations do not constitute actual or imminent, concrete and particularized injuries. [Doc. 18 at 9] (analyzing precedent set forth in *Ebaugh* concerning Article III's injury-in-fact requirements).

Furthermore, Wurm fails to address the nexus between the two notice letters addressed and mailed to Wurm's office address and Plaintiffs alleged emotional injuries. He incorrectly misrepresents the reasoning and holdings of *Hemmingsen* and *Powers*, which he claims supports there is such a nexus or that such a nexus is at least questionable, justifying the filing of this lawsuit. [Doc. 27 at 10].

First, the *Sayyed* and *Coyne* cases cited by Wurm, [Doc. 27 at 9], are inapposite to this case because neither one involved a § 1692d violation and are therefore, irrelevant. *Hemmingsen* is

3

further inapplicable because it only concerned false statements made to third parties in violation of § 1692e. *Hemmingsen v. Messerli & Kramer, P.A.*, 674 F.3d 818-820 (8th Cir. 2012). The court did not even address the underlying § 1692d claim because the claim was dismissed in the underlying proceedings. *Hemmingsen*, 674 F.3d at 818.

Wurm's reliance on *Powers* is also entirely misplaced. First, *Powers* did not concern a § 1692d violation. *See generally, Powers v. Credit Mgmt. Servs., Inc.*, 776 F.3d 567, 568 (8th Cir. 2015). Second, *Powers* only agreed with *Hemmingson's* conclusion that representations to third parties or attorneys are actionable to the extent the representations are made during the discovery phase—this case is still at the pleading stage. *Id.* at 574. Third, Wurm failed to address the main points of *Powers* with respect to *Hemmingsen* and communications to attorneys because it is fatal to his clients' claim. *Id.* at 573-575.

*Powers* is rather clear in its holding that when evaluating communications between a debt collector and a debtor's lawyer, the "competent lawyer standard applies." *Id.* at 574. Accordingly, the court further held the following in agreement with other circuits:

> [W]e agree with other circuits that the unsophisticated consumer standard is 'inappropriate for judging communications with lawyers.' (citations omitted). Rather, '**a representation by a debt collector that would be unlikely to deceive a competent lawyer, even if he is not a specialist in consumer debt law, should not be actionable**.' (citation omitted). As the Second Circuit observed in a non-discovery context, 'Where an attorney is interposed as an intermediary between a debt collector and a consumer, we assume the attorney, rather than the FDCPA, will protect the consumer from a debt collector's fraudulent or harassing behavior.' (citation omitted).
>
> \*\*\*
>
> As we observed in *Hemmingsen*, state court judges presiding over collection suits have ample power to sanction a debt collector and/or its lawyer for engaging in vexatious litigation tactics. 'There is no need for follow-on § 1692e litigation that increases the cost of resolving bona fide debtor-creditor disputes' (citation omitted).

4

*Id.* at 574-75 (<u>emphasis added</u>).

The above-referenced excerpts in *Powers* not only support dismissal of this lawsuit, but also support the fact that this lawsuit should have never been filed. [Doc. 28 at 7]. Following the Motion for TRO, and considering the underlying action is still pending, there was no need for "follow-on [§ 1692d] litigation" that undeniably increased the costs of litigation for both parties. *Powers*, 776 F.3d at 575.

The law clearly establishes that Defendants' alleged conduct and the resulting alleged "emotional injuries" sustained by Plaintiffs are not actionable. The state court in the underlying action is adequately equipped to protect Plaintiffs from any alleged "vexatious litigation" tactics. And despite established Eighth Circuit precedent, Wurm acted with reckless disregard of his duties to this Court and his clients by filing this lawsuit, warranting the imposition of sanctions.

**II.    WURM CANNOT INVOKE THE PROTECTIONS OF THE FDCPA IF THE DEBT AT ISSUE DOES NOT QUALIFY AS A "DEBT" UNDER THE FDCPA.**

Wurm asserts that the letters sent pursuant to § 1692g contained a request for a debt that never existed or exists, which he then concludes constitutes harassment in violation of § 1692d without any case law support. [Doc 26 at 3-4], [Doc. 27 at 3, 5, 7-8], [Doc. 1 ¶¶ 10, 13, 19, 20-22, 24-25, 27, 31, 38-44]. There are several problems with this contention and reasoning.

First, Wurm is effectively claiming application of the FDCPA while also indirectly arguing against its application by claiming the absence of a debt. *See id.* This is an unsupportable position, for if no debt existed or exists, then the FDCPA has no application, and the lawsuit fails. *Benbrooks v. Voigt, Rode & Boxeth, LLC*, No. CIV. 15-1896 PAM/HB, 2015 WL 4601193, at *2 (D. Minn. July 30, 2015) (establishing that if the FDCPA does not apply, then all claims under the FDCPA fail); *see also Mayhall v. Berman & Rabin, P.A.*, No. 4:13CV0175 AGF, 2014 WL 340215, at *4 (E.D. Mo. Jan. 30, 2014) (citing *Pace v. Portfolio Recovery Assocs., LLC*, 872 F.Supp.2d 861, 864

5

(W.D. Mo. 2012) (one of the elements required to establish an FDCPA claim is that "there was an attempt to collect a debt" as defined under the FDCPA)).

Second, Wurm's argument that the attorneys' fees requested are not a "legitimate debt" is equally unavailing and the cases he cites to in support do not concern the FDCPA. [Doc. 27 at 4, 9]. Contrary to Wurm's contention, the Eighth Circuit holds that requests for attorneys' fees constitute a "debt" under the FDCPA thereby invoking its framework. *Mayhall*, 2014 WL 340215, at *5 (holding a request for attorneys' fees does not violate the FDCPA and citing several cases in support); *see also Spiegel v. Kim*, 952 F.3d 845-47 (7th Cir. 2020) ("[t]he crucial question is the legal source of the obligation"). Further, the FDCPA does not impose an obligation on Defendants to wait until judgment is rendered before providing notice of an alleged debt. Nor is there any case law that imposes such an obligation. In fact, the purpose and application of § 1692g is to provide notice of an alleged debt within a specified time frame.[2] There are no allegations that Defendants violated this provision. Wurm's argument is baseless and in direct contravention of § 1692g of the FDCPA.

---

[2]  Importantly, Wurm does not allege that the notice of debt and validation letters violated § 1692g, [Doc. 1 Exhibits B-C], nor were they in anyway false, misleading, abusive, deceptive, and/or constituted unfair and abusive collection practices in violations of §§ 1692e-f. The Complaint only contains <u>one count</u> for violation of the FDCPA's harassment provision of § 1692d. The basis of which is that the § 1692g compliant letters provided notice of a debt that allegedly did not "exist," which case law does not recognize as harassing conduct. [Doc 26 at 3-4], [Doc. 27 at 3, 5, 7-8, 11]. The excerpt from *Eide v. Colltech* cited by Wurm, [Doc. 27 at 8], also has no application to this case because it does not concern a violation of § 1692d. Rather, it involved allegations of false and misleading representations of a debt that was owed that had previously been discharged in bankruptcy. *Eide v. Colltech, Inc.*, 987 F. Supp. 2d 951, 954 (D. Minn. 2013). Those allegations and facts are not at issue here.

Furthermore, § 1692g requires Defendants to give notice of a debt within a specified time frame. *See* § 1692g. There is no requirement that Defendants "prove" absolute entitlement to the alleged obligation or wait until final judgment is rendered before complying with § 1692g. Nor is there such a requirement imposing an obligation to confirm with Wurm that it will cease debt collection efforts. [Doc. 27 at 11]. Regardless, Defendants already confirmed with the trial court judge in the state court action and to Wurm at the TRO hearing that it would refrain from taking any collection efforts until it needs to file a petition for attorneys' fees after judgment has been rendered in the state court action. [Doc. 18 at 3-4].

6

**III.  SIEGERT IS NOT A DEBT COLLECTOR AND CANNOT BE HELD VICARIOUSLY LIABLE UNDER THE FDCPA.**

Wurm argues he undertook a reasonable inquiry into the applicable law as to Siegert's inclusion as a named defendant. [Doc. 27 at 4-6]. He states that Siegert is vicariously liable for the conduct of Jenkins & Kling and cites *Chapman v. J & M Sec.* in support. This contention is meritless and an incorrect for two reasons. First, the Eight Circuit has held that the FDCPA only imposes liability on debt collectors. Second, *Chapman* is inapposite to the facts of this case and provides no basis for the inclusion of Siegert as a named defendant.

The Eighth Circuit has clearly established that "[t]he FDCPA imposes civil liability only on <u>debt collectors</u>, as they are defined by the statute." *Volden v. Innovative Financial Systems, Inc.*, 440 F.3d 947, 950 (8th Cir. 2006); *see also Lester E. Cox Medical Center, Springfield, Mo. v. Huntsman*, 408 F.3d 989, 992 (8th Cir. 2005) ("Designation as a debt collector is the starting point for liability under the [FDCPA]"). Thus, before Siegert can be held vicariously liable, there must be plausible facts supporting the allegation that she is indeed a debt collector. *See id.* The Second Complaint failed to assert such allegations because Siegert cannot conceivably qualify as a debt collector. She is a consumer and creditor to whom an alleged debt is owed arising from a consumer transaction. *See Cone v. Townsend, Tomaio, & Newmark, LLC*, No. 4:21-CV-00524-JCH, 2021 WL 4843956, at *5 (E.D. Mo. Oct. 18, 2021); *see also* [Doc 1. Exhibits A-C and ¶ 41].

*Cone* lays out the Eighth Circuit precedent holding that only debt collectors defined by statute can be held liable under the FDCPA:

> Because Congress's focus was on the practice of independent debt collectors, the statute excludes from the definition of 'debt collector' any creditor 'collecting his own debts' using his own name, and employees and affiliates 'collecting debts for such creditor.'" *Reygadas*, 982 F.3d at 1122. That is, under 15 U.S.C. § 1692a(6), a person must "attempt to collect debts owed another before [they] can ever qualify as a debt collector." *Henson v. Santander Consumer USA Inc.*, 137 S.Ct. 1718, 1724 (2017) (emphasis in original). If a person is not collecting another's debts – that is

> to say, if the person is merely a creditor – that person is not regulated by the FDCPA. *See Schmitt v. FMA Alliance*, 398 F.3d 995, 998 (8th Cir. 2005) (explaining that "a distinction between creditors and debt collectors is fundamental to the FDCPA, which does not regulate creditors' activities at all"). Thus, a plaintiff cannot maintain an action under the FDCPA unless the person being sued qualifies as a "debt collector" under the statute. *See Duhart v. LRAA Collections*, 652 Fed. Appx. 483, 484 (8th Cir. 2016) (affirming summary judgment in favor of defendant, because defendant "was attempting to collect its own debt").

*Cone*, 2021 WL 4843956, at *5. Wurm's reckless disregard of Eighth Circuit precedent evidences his failure to research or undertake a reasonable inquiry into the FDCPA's purpose and application. Had he done so, Siegert would have never been named a party to this lawsuit. This explains Wurm's failure in addressing Siegert's status under the FDCPA throughout briefing on this issue.[3]

Further, *Chapman* is dicta on the issue of vicarious liability wherein the client at issue qualified as a debt collector—here, Siegert does not. *Chapman v. J & M Sec.*, 2015 WL 5785952, at *1, 3 (E.D. Mo. Oct. 1, 2015). In fact, *Chapman* never issued a ruling on the issue of vicarious liability because there were not enough facts before the court. *Id.* at *3. Furthermore, Wurm's argument is in direct contravention of established Eighth Circuit authority on the FDCPA's purpose and application.[4] *See Bowler v. Alliedbarton Sec. Servs., LLC*, 123 F. Supp. 3d 1152, 1159 (E.D. Mo. 2015) (citing *Hood v. United States*, 342 F.3d 861, 864 (8th Cir. 2003) ("holding that a district court in the Eighth Circuit is bound to apply Eighth Circuit precedent")).

Ultimately, the inclusion of Siegert as a named party to this case is objectively a bad faith attempt to needlessly increase her litigation costs. Moreover, there is no controlling precedent in

---

[3]     The Second Complaint alleges Siegert is a debt collector with no factual support. [Doc. 1 ¶ 41]. Further, there are no allegations that she qualified as a consumer at the time of the consumer transaction nor are there allegations that she is a creditor to whom a debt is allegedly owed.

[4]     First, the *Racek* case cited by Wurm, [Doc. 27 at 6], involved the vicarious liability of a client who qualified as a debt collector under the FDCPA. It is therefore inapplicable to this case because Siegert is not a debt collector. Second, Wurm relies on the Ninth Circuit District Court case *Kniley v. Citibank, N.A.* referenced in *Chapman*, [Doc. 27 at 4], and argues that a creditor who does not qualify as a debt collector can be subjected to liability under the FDCPA. However, *Kniley* is an unreported case not within the Eighth Circuit, which makes it neither controlling nor persuasive and therefore, irrelevant. *See Bowler,* 123 F. Supp. 3d at 1159.

8

the Eighth Circuit that provides a colorable or questionable basis for her inclusion in this lawsuit. These facts, objectively viewed, can only lead to the inference that Wurm intended to name Siegert as a party for the improper purpose of harassment and needlessly increasing her litigation costs in addition to the underlying state court action.

IV. **THE RECORD IS SUFFICIENT TO SUPPORT THE CONCLUSION THAT, WHEN VIEWED OBJECTIVELY, WURM ACTED WITH RECKLESS DISREGARD OF HIS DUTIES TO THIS COURT NECESSITATING THE IMPOSITION OF SANCTIONS.**

The Eighth Circuit has established "that the standard under Rule 11 is whether the attorney's conduct, 'viewed objectively, manifests either intentional or reckless disregard of the attorney's duties to the court.'" *Adams v. USAA Cas. Ins. Co.*, 863 F.3d 1069, 1077 (8th Cir. 2017) (quoting *Clark v. United Parcel Serv., Inc.*, 460 F.3d 1004, 1009 (8th Cir. 2006)). Wurm's conduct exhibited throughout this lawsuit and the underlying state court action warrant the imposition of monetary sanctions for the following reckless behavior:

a. Wurm filed the initial complaint on October 14, 2023, and without notice to Defendants, replaced the initial Complaint with an amended version on October 16, 2023 in violation of Fed. Rule Civ. Pro. 15. Wurm further failed to send Defendants copies of the initial and amended versions of the Complaint to provide Defendants with adequate notice of the new allegations asserted;

b. Wurm violated E.D. Mo. L.R. 2.02(B) by failing to request and provide waivers of service for each defendant.

c. Wurm failed to respond to Defendants' Motion to Dismiss in a timely manner [*see* Doc. 12];

d. Wurm failed to research and reasonably inquire into Eighth Circuit precedent on the FDCPA's application and purpose such that he named Siegert as a defendant;

e. Wurm failed to research and reasonably inquire into whether attorneys' fees are an alleged obligation or debt under the FDCPA;

f. Wurm filed this lawsuit after Defendants confirmed with the trial court in the underlying state court action that they had no present intent to collect outside

9

    the underlying state court litigation, [*see* Doc. 11 at 4], and have not taken such action since;

  g. Wurm cited to and relied on case law that failed to support a § 1692d violation;

  h. Wurm relied on cases that failed to provide a good faith basis for filing this lawsuit;

  i. Wurm knowingly alleged emotional injuries and a cause of action that were not actionable; and

  j. Wurm wasted judicial and litigant resources and caused Defendants to incur unnecessary attorneys' fees and court costs in an effort to harass Defendants by filing this lawsuit for an improper purpose.

## Conclusion

For the foregoing reasons, Defendants request this Court issue an order:

  1.) dismissing Plaintiffs' Second Complaint with prejudice;

  2.) directing Plaintiffs, William Wurm, and Amundsen Davis, LLC to reimburse and pay Defendants for their reasonable attorneys' fees and costs expended in defending this lawsuit;

  3.) for monetary sanctions against Plaintiffs, William Wurm, and Amundsen Davis, LLC; and

  4.) for all such other relief as the Court deems just and proper under Federal Rule of Civil Procedure 11.

|  | Respectfully submitted, |
|---|---|
|  | JENKINS & KLING, P.C. |
|  | By: /s/ *Michael P. Stephens* |
| OF COUNSEL: | Ronald E. Jenkins #23850MO |
| JENKINS & KLING, P.C. | Michael P. Stephens, #37491MO |
|  | Katherine I. McLaughlin, #69734MO |
|  | Liam R. Brannon, #73640MO |
|  | 150 N. Meramec Ave., Suite 400 |
|  | St. Louis, Missouri 63105 |
|  | (314) 721-2525 Phone |
|  | (314) 721-5525 Fax |
|  | rjenkins@jenkinskling.com |
|  | mstephens@jenkinskling.com |
|  | kmclaughlin@jenkinskling.com |
|  | lbrannon@jenkinskling.com |
|  | *Attorneys for Defendants Rachel L. Siegert and Jenkins & Kling, P.C.* |

## CERTIFICATE OF SERVICE

  The undersigned hereby certifies that on December 21, 2023 the foregoing was filed electronically to be served to all counsel of record by operation of the Court's electronic filing system.

                  /s/ Candace R. Woods