**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| **DR. WHITNEY ROSS, TRUSTEE and** | ) |
| **DR. IAN ROSS, TRUSTEE,** | ) |
| | ) |
| | ) |
| Plaintiffs, | ) |
| | )    Cause No. 4:23-cv-01295-MTS |
| v. | ) |
| | ) |
| **RACHEL SIEGERT and** | ) |
| **JENKINS & KLING, P.C.**, | ) |
| | ) |
| Defendants. | ) |

**DEFENDANTS' SUPPLEMENTAL MEMORANDUM IN SUPPORT OF
DEFENDANTS' MOTION TO DISMISS**

Defendants Rachel L. Siegert and Jenkins & Kling, P.C. (collectively, "**Defendants**"), by and through counsel, file this Supplemental Memorandum in Support of Defendants' Motion to Dismiss (Docs. 10 and 11), and state as follows:

**Relevant Background**

On October 14, 2023, this case was filed by Plaintiffs Dr. Whitney Ross, Trustee and Dr. Ian Ross, Trustee (collectively, "**Plaintiffs**"). On that same day at 4:11 p.m., William Wurm, counsel for Plaintiffs, sent an email to notify Defendants' counsel that the lawsuit had been filed and to relay the assigned case number of 4:23-cv-01295. Wurm did not attach a copy of the Complaint to this e-mail. The following Monday, October 16, 2023, at 7:45 a.m., the undersigned accessed PACER and downloaded the Complaint, which bears the following file stamp:

Case: 4:23-cv-01295   Doc. #1   File 10/14/23   Page 1 of 7   Page ID #: 1

A true and accurate copy of the Complaint that Plaintiffs filed when they initiated this action is attached hereto as Defendants' **Exhibit "B"**. This version of the Complaint bears no case number

1

given that at the time of initiating an action, a party is not aware of the assigned case number. This version of the Complaint was saved to Jenkins & Kling P.C.'s file. Given that Defendants never received notice that Plaintiffs amended their original Complaint, counsel had no reason to re-download or examine the current Complaint on the docket to ensure it was the same version.

The certificate of service on this version of the Complaint certified that on October **13**, 2023, Wurm served Defendants' counsel via the Court's e-filing system, which is untrue as the Complaint was not even filed until October 14, 2023, and Defendants' counsel were not yet entered in this case and could not be served via the Court's e-filing system. The certificate of service, though strangely worded, also suggests that Wurm mailed and emailed a copy of the Complaint to Defendants' counsel, which he never did.

Throughout the briefing of Defendants' Motion to Dismiss, Plaintiffs have asserted certain facts were pled that do not appear in the initial Complaint filed. Accordingly, on December 18, 2023, Defendants' counsel re-downloaded the Complaint, and it became clear that at some point in time, the Complaint was substituted. The version that is currently "Document 1" on the docket, has a different file stamp as set forth below:

Case: 4:23-cv-01295-MTS    Doc. #1   File 10/14/23   Page 1 of 9   Page ID #: 31

A true and accurate copy of the Complaint that is currently Document 1 on the docket is attached as Defendants' **Exhibit "C"**.

This file stamp reveals that when this new, second Complaint was filed, the case had already been assigned to Judge Schelp, the length of the document went from 7 pages to 9 pages, and the "Page ID" number changed from number 1 to number 31. Moreover, this version of the Complaint has the case number in the caption, which demonstrates that this version of the

Complaint was not the Complaint that Plaintiffs initially filed given that Plaintiffs would not have known their case number at the time this action was initiated.

On the new version of the Complaint, Wurm again certifies that the Complaint was electronically filed on October **14**, 2023, served on counsel via the Court's e-filing system, and again, vaguely suggests that Wurm mailed and emailed a copy of the Complaint to counsel for Defendants. Once again, this representation by Wurm is simply untrue. This is not the Complaint that was filed on October 14, 2023, this is apparently the Complaint that was substituted on October 16, 2023. Further, Defendants' counsel had not yet entered into this case on October 16, 2023, and therefore, could not have been served via the Court's e-filing system on this date, and Defendants' counsel never received a copy of this Complaint (or the first version of the Complaint) from Wurm via mail or e-mail.

On December 18, 2023, Defendants' counsel notified the Court's case manager of this discrepancy. The case manager informed counsel that according to the Court's records, the Complaint was substituted on October 16, 2023, on or around 9:05 a.m.

<u>**Argument**</u>

I.   <u>Plaintiffs' counsel surreptitiously substituted the Complaint for a substantially different, amended version and therefore improperly amended the Complaint under Rule 15.</u>

It is unclear to Defendants the method by which Plaintiffs and their counsel were able to substitute their Complaint on the Court's docket, however, what is clear is that Plaintiffs did not merely substitute the Complaint due to a minor typographical error as the second version of the Complaint has two more pages of allegations and constitutes an amendment to the lawsuit. Under <u>Federal Rule of Civil Procedure 15</u>, Plaintiffs are entitled to amend their pleading once as a matter of course no later than 21 days after serving the Complaint. F. R. Civ. P. 15(a)(1). Thus, under this

rule, Plaintiffs had a clear, simple avenue to properly amend their Complaint without leave from this Court. However, no amended complaint appears on the docket in this matter because Plaintiffs took it upon themselves to bypass Rule 15 and effectively amend the Complaint by way of unilateral substitution without Defendants' knowledge.

If the second version of the Complaint merely fixed counsel's typographical errors and the false certificate of service, Defendants' counsel would likely not raise this as an issue. However, the second version of the Complaint that was substituted includes two additional pages of allegations. *See* Exhibit C, ¶¶ 21-25, 31-34, 43-45 and *compare to* Exhibit B. Further, in comparing the two certificates of service on each complaint, Plaintiffs' counsel made the conscious effort to change the purported "date of service" from October 13, 2023 to October 14, 2023, when he was essentially re-filing the Complaint on a completely different date (*i.e.*, October 16, 2023). Yet, Plaintiffs' counsel <u>still</u> did not accurately certify his "service" of the Complaint as Defendants' counsel were not served[1] and Wurm never emailed or mailed a copy of his first Complaint to Defendants' counsel and Wurm certainly never emailed or mailed a copy of his second Complaint either.

By substituting the Complaint in this underhanded manner, Plaintiffs' counsel knew that Defendants' counsel would be unaware of the corrections and new allegations that Plaintiffs included in the second version of the Complaint. Plaintiffs' counsel amending the Complaint without notifying Defendants' counsel of the change is, at best, discourteous and unprofessional behavior on par with the conduct Plaintiffs' counsel has so far exhibited. However, because of the pattern of conduct thus far in this matter and the secretive manner in which the substitution was

---

[1] Defendants' counsel accepted service of the lawsuit on October 18, 2023. Despite this, Plaintiffs and their counsel have failed to comply with <u>E.D. Mo. L.R. 2.02(B)</u> by failing to request and provide waivers of service for each defendant.

done, it is Defendants' contention that this incident is further reason to sanction Wurm and Plaintiffs as this was no "substitution" but rather, an unauthorized amendment to the Complaint that Plaintiffs' counsel took special care to do in a surreptitious manner for no other purpose than to confuse the issues and waste litigant and judicial resources. Thus, Defendants request that the latest actions by Wurm and Plaintiffs as set forth herein be considered in this Court's decision on Defendants' Motion to Dismiss as well as their Motion for Sanctions (Docs. 17 and 18).

II.     <u>Despite the two new pages of allegations, Plaintiffs' substituted Complaint still fails to establish standing, still fails to state a claim, and Defendants' arguments in the Motion to Dismiss remain applicable and dispositive.</u>

In general, the arguments made by Defendants in briefing the Motion to Dismiss do not need to change and remain applicable even with the new allegations in the substituted Complaint. In the second version of the Complaint, Plaintiffs still failed to allege that they suffered a concrete, particularized injury as required under the FDCPA. The allegations that Plaintiffs lost sleep, experienced nausea, and other physical and emotional manifestations of distress, do not cure the deficiencies of Plaintiffs' lawsuit as these conclusory allegations do not equate to the "concrete and particularized injury" that Plaintiffs are required to plead. Exhibit C, ¶ 43; *see Spokeo, Inc. v. Robins*, <u>578 U.S. 330, 341</u> (2016); *Ebaugh v. Medicredit, Inc.*, No. 4:23-CV-209-MTS, <u>2023 WL 5289226</u>, at *2 (E.D. Mo. Aug. 17, 2023) (finding that such as "loss of sleep" and "nausea" are <u>not</u> considered actual, concrete, and particularized injuries). Defendants' analysis of *Ebaugh v. Medicredit, Inc.* in their Memorandum in Support of their Motion to Dismiss (<u>Doc. 11</u>) ("**Memorandum**") still applies to Plaintiffs' allegations and is even more applicable considering the new allegation in Paragraph 43. Defendants will not burden the Court by repeating all their arguments from the Memorandum, and instead Defendants incorporate their discussion of Plaintiffs' lack of standing and the *Ebaugh* case herein, which shows that Plaintiffs still allege less

than the claimant there, their allegations are still insufficient to establish standing, and a dismissal with prejudice is warranted. *See* Doc. 11 a 6-8.

It is also necessary that Defendants clarify certain arguments given that at the time of drafting, Defendants were operating under the assumption that the prior version of the Complaint was the operative pleading. In both the Memorandum as well as the Reply in Support of their Joint Motion to Dismiss (Doc. 28) ("**Reply**"), Defendants contended that the Complaint was missing certain allegations that Plaintiffs claimed existed because such allegations were missing from the Complaint that Defendants were using. Specifically, in the Memorandum, Defendants asserted that there was not a single allegation in the Complaint that asserted Plaintiffs were injured. *See* Doc. 11 at 6. Defendants, in good faith, strike that assertion from their Memorandum as in the second version of the Complaint there is one, single allegation concerning Plaintiffs' alleged injury, though such allegation is still utterly deficient to establish a particularized injury. *See* Exhibit C, ¶ 43; *Ebaugh,* at *2. Further, in the Reply, Defendants asserted that Plaintiffs mispresented the allegations in Paragraphs 34 and 43 of the lawsuit because again, Plaintiffs and Defendants were using different Complaints in preparing their briefs. (Doc. 28 at 1-2). In light of the second, substituted version of the Complaint, Plaintiffs' citation to Paragraph 43 was in reference to their new allegation regarding their alleged loss of sleep and nausea and Defendants, in good faith, strike their argument in connection with Plaintiffs' citation to Paragraph 43. All other assertions and arguments by Defendants remain unchanged and applicable to these proceedings, despite the improper substitution of the Complaint by Plaintiffs.

## Conclusion

Based on the foregoing, the Memorandum, and the Reply, it is clear that Plaintiffs have not established standing under Article III and even if this Court finds that subject matter jurisdiction

is proper, the Complaint does not contain sufficient allegations to state a violation of the FDCPA. Additionally, based on the conduct as set forth herein, Defendants request that this Court consider additional sanctions on Plaintiffs and their counsel, including but not limited to, payment of the legal fees incurred in investigating this issue and preparing the instant motion and memorandum.


Dated: December 20, 2023                         Respectfully submitted,

                                                 JENKINS & KLING, P.C.

                                                 By: /s/  Katherine I. McLaughlin
OF COUNSEL:                                          Ronald E. Jenkins #23850MO
JENKINS & KLING, P.C.                               Michael P. Stephens, #37491MO
                                                    Katherine I. McLaughlin, #69734MO
                                                    Liam R. Brannon, #73640MO
                                                    150 N. Meramec Ave., Suite 400
                                                    St. Louis, Missouri 63105
                                                    (314) 721-2525 Phone
                                                    (314) 721-5525 Fax
                                                    rjenkins@jenkinskling.com
                                                    mstephens@jenkinskling.com
                                                    kmclaughlin@jenkinskling.com
                                                    lbrannon@jenkinskling.com

                                                    *Attorneys for Defendants Rachel L. Siegert
                                                    and Jenkins & Kling, P.C.*

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that on December 20, 2023 the foregoing was filed electronically to be served to all counsel of record by operation of the Court's electronic filing system.

  /s/ Katherine I. McLaughlin