JURY TRIAL DEMANDED

# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION – ST. LOUIS CITY

| | |
|---|---|
| DR. WHITNEY ROSS, TRUSTEE, | ) |
| | ) |
| DR. IAN ROSS, TRUSTEE, | ) |
| | ) Cause No. 4:_____ |
| Plaintiffs, | ) |
| | ) |
| vs. | ) |
| | ) |
| RACHEL SIEGERT, | ) |
| | ) |
| JENKINS & KLING, P.C., | ) |
| | ) |
| Defendants. | ) |

## **COMPLAINT**

COMES NOW, Plaintiffs Dr. Whitney Ross and Dr. Ian Ross, in their capacity as Trustees of the Ross Family Trust dated October 20, 2021 (the "Trust"), and individually (collectively, "Plaintiffs"), and for their Complaint against Defendants, Rachel Siegert and Jenkins & Kling, P.C., as follows:

### **STATEMENT OF JURISDICTION AND VENUE**

1. This Court has jurisdiction over the subject matter of this lawsuit under 28 U.S.C. § 1331 because Plaintiffs' cause of action herein set forth arises under federal law—the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*.

2. This Court has jurisdiction over the parties in this action because numerous of the acts described herein, took place within this District and Defendants have purposely availed themselves of the benefits of contact with citizens of this Judicial District.

3. Venue is proper in this Court under 28 U.S.C. 1391(b) because:

a. The principal place of business of Defendant Jenkins & Kling, P.C. 150 North Meramec Ave., Suite 400, St. Louis, MO 63105, which is located in the Eastern Division of this Judicial District, as defined by 28 U.S.C. § 105; and,

b. Defendant Rachel Siegert is an individual domiciled at 4390 Chouteau Avenue, St. Louis, MO 63110, which is located in the Eastern Division of this Judicial District, as defined by 28 U.S.C. § 105; and,

c. The events giving rise to Plaintiffs' claims occurred in the Eastern Division of this Judicial District, as defined by 28 U.S.C. § 105.

**PARTIES**

4. Plaintiffs incorporate all prior paragraphs as if restated herein.

5. Dr. Whitney Ross is an individual domiciled at 1218 Kraft Street, St. Louis, MO 63139 (the "Ross Property"), who serves as the Trust's Trustee.

6. Dr. Ian Ross is an individual also domiciled at 1218 Kraft Street, St. Louis, MO 63139, who also serves as the Trust's Trustee (collectively with Dr. Whitney Ross, referred to as "Ross").

7. Rachel Siegert ("Siegert") is an individual domiciled at 4390 Chouteau Avenue, St. Louis, MO 63110;

8. Jenkins & Kling, P.C. ("Jenkins & Kling") is a law office with its primary place of business and registered agent located at 150 North Meramec Ave., Suite 400, St. Louis, MO 63105.

## BACKGROUND

**A.     Sale of Home and State Litigation**

9.     Plaintiffs incorporate all prior paragraphs as if restated herein.

10.     On April 9, 2020, Plaintiffs purchased the Ross Property from Siegert; the Residential Sales Contract is attached hereto as **Exhibit A**.

11.     On May 15, 2023, Ross filed suit against Defendant Siegert, among others, in the Circuit Court of St. Louis City, Missouri (case 2322-CC00955) (the "Underlying Matter").

12.     Ross asserts that Siegert sold Ross the Ross Property without disclosing the Ross Property's true, terrible condition—the Ross Property is a total loss.

13.     The Contract, like most purchase agreements, contains a provision that states, "in the event of litigation between the parties, the prevailing party shall recover, in addition to damages or equitable relief, the cost of litigation including reasonable attorney's fees." Ex. A.

**B.     Debt Collection**

14.     On July 17, 2023, Siegert filed a third-party petition seeking a declaratory judgment against Ross in their individual capacities as well as requesting "[t]hat Siegert be awarded her costs and attorneys' fees expended herein."

15.     The (procedurally improper) third party petition's request for attorneys' fees evidences that Siegert has no *present* right to such fees.

16.     Upon information and belief, Siegert retained Jenkins & Kling to represent her in the Underlying matter and to collect on this purported debt on her behalf.

17.     Siegert had control over Jenkins & Kling in terms of her representation.

18.     Jenkins & Kling is a law firm that regularly engages in debt collection.

19. That same day, Jenkins & Kling, on Siegert's behalf, sent Ross (through Plaintiffs' counsel) a debt collection letter stating that Ross **presently owed Siegert $1,777.50** for her "cause of action for declaratory judgment including her attorneys' fees and costs incurred in the litigation." This letter is attached as **Exhibit B**.

20. This fortuitous timing further evidences that such attorneys' fees were contingent on Siegert's Third Party Petition resulting in a final judgment, which would necessarily identify a prevailing party as a matter of Missouri law.

21. The letter was a threatening black and white debt collection letter.

22. Ross received this letter while already struggling to bear the emotional distress of their current hardships, including having to vacate their home permanently.

23. On August 21, 2023, Plaintiffs' counsel, on Ross' behalf, disputed the validity of this debt and requested that Defendants verify the debt, pursuant to the Fair Debt Collections Practices Act.

24. On August 25, 2023, Jenkins & Kling, on behalf of Siegert, sent a second letter, which asserted that Ross owed Siegert $1,777.50 for her expended attorneys' fees and costs in the Underlying Matter (and her third-party petition), which is ongoing, pursuant to the Contract's prevailing parties provision. This second letter is attached as **Exhibit C**. Ex. A at ¶ 13.

25. The Underlying Matter is still pending and the court in the Underlying Matter has not issued any order that would create a "prevailing party" pursuant to Missouri law.

26. The Circuit Court has yet to determine a "prevailing party" in the Underlying Litigation, including Siegert's Third Party Petition.

27. Therefore, Ross could neither owe Siegert any debt based upon the cited Contract, nor its Paragraph 13.

28. On August 28, 2023, Plaintiffs attempted to privately resolve Siegert's intentional harassment by requesting confirmation, in writing, that Siegert would send no further debt collection letters.

29. Defendants refused to respond.

30. Ross filed for a Temporary Restraining Order ("TRO"), which the Circuit Court heard on September 14, 2023.

31. The day before the TRO hearing, Siegert's counsel contacted Plaintiffs' counsel and still refused to commit that no further debt collection letters would be issued.

32. The Circuit Court denied the Motion, but required that Siegert's counsel confirm, in the resulting Order, that "she has no present intent to issue collection letters outside the litigation." Order attached as **Exhibit D**.

### Count I: Violation of Fair Debt Collection Practices Act ("FDCPA")

33. Plaintiffs incorporate all prior paragraphs as if restated herein.

34. Plaintiffs are each a "consumer" as defined by 15 U.S.C. §1692a(3).

35. Defendants claim that Plaintiffs incurred a "debt," as 15 U.S.C. §1692a(5) defines.

36. At the time of the letters referenced herein, Defendants either owned the debt or were retained by the owner to collect the debt.

37. Defendants are each a "debt collector" as defined by 15 U.S.C. §1692a(6).

38. Defendants violated 15 U.S.C. § 1692d in that they harassed, oppressed and abused Ross in connection with the collection of a debt—indeed, there exists no justification for such letters apart from malice. Ex. B, C.

39. Defendants' actions were intended solely to cause Ross distress and suffering.

40. Defendants' "debt" collection activities amount to nothing more than thinly veiled attempts to intimidate Ross with fraudulent allegations of debt.

41. Defendant Jenkins & Kling, in particular, knew or should have known of FDCPA's prohibitions on harassment, yet continued its course of willful noncompliance.

42. Defendants' actions are outrageous and unacceptable.

### JURY DEMAND

43. Plaintiffs demand a trial by jury.

### PRAYER FOR RELIEF

44. WHEREFORE, Plaintiffs pray for the following relief:

   a. Judgment against Defendants for actual damages, statutory damages, costs and reasonable attorney's fees pursuant to 15 U.S.C. §1692k.

   b. For such other legal and/or equitable relief as the Court deems appropriate.

Dated: October 13, 2023
Respectfully submitted,

Amundsen Davis, LLC

*/s/ William R. Wurm*
William R. Wurm, #68912(MO)
120 S. Central Ave., Suite 700
St. Louis, MO 63105
Telephone: (314) 719-3700
Fax: (314) 719-3710
Email: wwurm@amundsendavislaw.com
*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

      The undersigned hereby certifies that a true and correct copy of the foregoing document was electronically filed and served to counsel via the Court's e-filing system on this 13th day of October, 2023, addressed to the following attorney(s) of record:

Liam R. Brannon
JENKINS & KLING, P.C.
150 North Meramec Avenue
Suite 400
St. Louis, MO 63195
Email: lbrannon@jenkinskling.com

*Attorneys for Plaintiff*

                                            */s/ William R. Wurm*