IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DR. WHITNEY ROSS, | ) |
| | ) |
| DR. IAN ROSS, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) Case No.: 4:23-CV-1295-MTS |
| | ) |
| RACHEL SIEGERT, | ) |
| | ) |
| JENKINS & KLING, P.C., | ) |
| | ) |
| Defendants. | ) |

**PLAINTIFFS' OMNIBUS RESPONSE TO DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION FOR SANCTIONS AND DEFENDANTS SUPPLEMENTAL MEMORANDUM IN SUPPORT OF DEFENDATIONS' MOTION TO DISMISS**

Defendants Rachel Siegert and Jenkins & Kling, P.C.'s, filings attempt to excuse their own oversights and unjustifiably place the blame on Plaintiffs. Plaintiffs filed their vitriolic Supplemental Memorandum in Support of their Motion to Dismiss (the "Supplement") **after** the Court entered a docket text order, explaining exactly what happened and yet, Defendants accuse Plaintiffs of purposefully misleading the Court and Defendants.

## I.     Background

Prior to filing the instant action, on October 14, 2023, Plaintiffs notified Defendants that Plaintiffs had filed a lawsuit against Defendants. Plaintiffs filed their complaint and exhibits on October 14, 2023. As the Docket text for ECF #1 reflects, which was entered on December 21, 2023 (prior to the Supplement), the "[m]ain Document replaced on 10/16/2023 at request of paralegal for plaintiffs' counsel William R. Wurm. Original docket entry modification language deleted due to clerical error." Doc. # 1, text. Plaintiffs' counsel's assistant (paralegal) provided the

clerk with the ECF Doc. # 1, which includes additional allegations, as Defendants note in their Supplement and Reply in Support of their Motion to Dismiss (Doc. # 30) ("Reply").

On November 8, 2023, Plaintiffs' counsel entered their appearance through the Court's Pacer/ECF system (Docs. # 6-10), at which point there was no doubt as to the operative Complaint. Over the past three months, the parties have heavily litigated pending Motions to Dismiss and for Sanctions, which focused on the Complaint's specific allegations. Defendants noticed that the Complaint's paragraph 43, cited in Plaintiffs' Response to Defendants' Motion to Dismiss (Doc. #16-1), includes allegations, which would not have existed in the "version" Defendants state they have exclusively utilized. Yet, in the briefs thereafter, no mention was made. *See* Docs. # 18-19, 22, and 28.

## II.     Argument

Defendants argue that Plaintiffs somehow "tricked" Defendants into utilizing the wrong Complaint during months of litigation, where they undoubtedly noticed that the complaint, from which they were purportedly working, did not match the operative Complaint. Yet, the Reply, alleges that "Plaintiffs' counsel surreptitiously substituted the Complaint. . . ." ECF # 33 at p. 3. In fact, Plaintiffs do not have the ability to substitute a Pacer/ECF filing, yet Defendants claim that "Wurm surreptitiously substituted the initial Complaint."

Moreover, Defendants filed their Reply **after** ECF # 1's text was augmented to explain the lack of notice of substitution was a clerical error. Tellingly, Defendants still claim that "[b]y substituting the Complaint in this underhanded manner, Plaintiffs' counsel knew that Defendants' counsel would be unaware of the corrections and new allegations that Plaintiffs included in the second version of the Complaint." ECF # 33 at p. 4. Defendants' conspiracy theory's flaw is that

Defendants' counsel did not enter into this case until November 8, 2023, long after the foregoing had occurred.

Defendants' counsel is charged with notice of everything on record upon making their entry of appearance. *See, e.g., Jacquin v. Nestle Purina Petcare Co.*, No. 4:20-CV-00467-SNLJ, 2020 WL 3489347, at *2 (E.D. Mo. June 26, 2020) ("By counsel entering appearance, in other words, counsel—and the client—is charged with notice of everything on record in the state court file, and service has thus been effected in that way.") (internal quotation marks omitted)). Simply, Defendants and Defense Counsel legally knew that the Complaint from which they have been working was NOT the Complaint on Pacer the past three months.

Defendants further argue that Plaintiffs' honest mistake in properly dating and filing the certificate of service is part of a plot to deceive Defendants. But, Defendants identify no harm or prejudice therefrom. Defendants argue, off-point, that this not only justifies their mistake, but again, is part of an imaginary conspiracy to deceive Defendants.

Defendants' Reply and Supplement includes further additions to their earlier briefs, which Plaintiffs' prior briefs revealingly address, because Plaintiffs briefed from ECF # 1.

Dated: January 12, 2024       RESPECTFULLY SUBMITTED,

                                       WURM, L.C.

                                       /s/ William R. Wurm
                                       William R. Wurm, #68192 (MO)
                                       9223 Citadel Court
                                       St. Louis, MO 63123
                                       Telephone: (636) 439-9858
                                       william@wurmlc.com
                                       Attorneys for Plaintiffs

## **CERTIFICATE OF SERVICE**

      The undersigned hereby certifies that a true and correct copy of the foregoing document was electronically filed and served to all counsel of record via the Court's e-filing system on this 12th day of January, 2024.

*/s/ William R. Wurm*