IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DR. WHITNEY ROSS, TRUSTEE, and DR. IAN ROSS, TRUSTEE, | ) ) ) ) |
| Plaintiffs, | ) ) ) |
| v. | Cause No. 4:23-cv-01295-MTS ) ) |
| RACHEL L. SIEGERT and JENKINS & KLING, P.C., | ) ) ) |
| Defendants. | ) |

**DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION FOR REASONABLE ATTORNEYS' FEES**

COME NOW Defendants Rachel L. Siegert ("**Siegert**") and Jenkins & Kling, P.C. ("**Jenkins & Kling**") (collectively, "**Movants**"), by and through counsel, and pursuant to the Fair Debt Collection Practices Act ("**FDCPA**"), 15 U.S.C. § 1692(k)(a)(3), move this Court for an order awarding Movants' reasonable attorneys' fees for defending this lawsuit brought in bad faith by Plaintiffs Dr. Whitney Ross, Trusttee and Dr. Ian Ross, Trustee (collectively, "**Plaintiffs**").

**INTRODUCTION**

Movants seek an award of their reasonable attorneys' fees after this Court ruled on the merits and dismissed Plaintiffs' lawsuit with prejudice. (Docs. 35-36). Despite Plaintiffs' relentless and failed attempts in the underlying State Action (defined herein), Plaintiffs took virtually no position to defend the justification of this lawsuit. (Doc. 35 at 5-7). Plaintiffs' lawsuit was premised on the unsupported allegations that Movants harassed Plaintiffs under 15 U.S.C. § 1692(d) by sending "mundane" and "unremarkable" letters requesting attorneys' fees had neither any basis in fact nor law. (*See* Doc 35, ft. 3). Additionally, prior to even filing this action, Plaintiffs harassing

1

conduct began as is set forth in detail in Movant's Joint Motion for Sanctions and supporting memorandum and incorporated herein (*See* Docs. 17 and 18). For these reasons and the ones set forth below, an award of Movants' attorneys' fees pursuant to § 1692(k)(a)(3) is warranted.[1]

## LEGAL STANDARD

§ 1692(k)(a)(3) provides, in part, that:

> (3) [o]n a finding by the court that an action under this section was brought in bad faith and for the purpose of harassment, the court may award to the defendant attorney's fees reasonable in relation to the work expended and costs.

*See also Haverstick v. J&M Sec., LLC*, No. 4:16-CV-441 RLW, 2016 WL 6560402, at *fn. 1 (E.D. Mo. Nov. 3, 2016) (citing cases that stated if a defendant prevails on the merits of an FDCPA claim, a separate motion for attorneys' fees is permissible). Bad faith is defined as dishonesty of belief or purpose. *Grand Canyon Skywalk Development, LLC v. 'Sa' Nyu Wa Inc.,* 715 F.3d 1196, 1201 (9th Cir. 2013) (quoting Black's Law Dictionary 159 (9th ed. 2009)). "Harassment" is defined as words, conduct, or action (repeated or persistent) that, being directed at a specific person, annoys, alarms, or causes substantial emotional distress in that person and serves no legitimate purpose. *Adams v. Ford Motor Co.,* 653 F.3d 299, 307 (3rd Cir. 2011) (internal citations omitted) (quoting Black's Law Dictionary 784 (9th ed. 2009). While "[n]either Congress nor the Eighth Circuit has defined the phrase 'bad faith and for the purpose of harassment,' within the meaning of the FDCPA…[t]he hallmark of a bad-faith lawsuit is one 'where the suit is so completely without hope of succeeding that the court can infer that the plaintiff brought the suit to harass ... rather than to obtain a favorable judgment.'" *Maas v. Amos Fin. LLC*, No. 4:22-CV-00846-DGK, 2023 WL 5409873, at *3 (W.D. Mo. Aug. 22, 2023) (internal citations omitted).

---

[1] Movants refer the Court to its Motion to Dismiss (Doc. 10) and Motion for Sanctions (Doc. 17), both of which contain an overview of the procedural history of this lawsuit this Court considered prior to entering its May 31, 2024 Order.

2

**ARGUMENT**

Plaintiffs' behavior prior to this action demonstrates their bad faith and harassing conduct and warrants an award of Movants' reasonable attorneys' fees. First, the merits of this issue were decided in the underlying action in the City of St. Louis, State of Missouri, styled *Dr. Whitney Ross, Trustee et al. v. D&R Building Group, LLC et al.*, civil action no: 2322-CC08849 (the "**State Action**"), and this issue never needed to be brought in front of this Court. Specifically, after receipt of the relevant FDCPA correspondence from Jenkins & Kling to Plaintiff's counsel, Plaintiffs moved for a temporary restraining order in the State Action and alleged the letter caused emotional distress and suffering ("**Motion for TRO**"). (*See* Doc 18 at 7). Upon hearing and argument, the Motion for TRO was denied, and Jenkins & Kling specifically consented to language in the order denying the motion that Jenkins & Kling had "no present intent to issue collection letters outside the litigation." *Id.* Within an hour after the Motion for TRO was heard and denied, Plaintiffs had their counsel send a threatening email, claiming that they would file suit against Siegert in federal court for violating the FDCPA unless Siegert paid $10,000.00 to settle "this specific issue." A true and accurate copy of the email is attached hereto as **Exhibit "1"**.

This email was in no way a good faith settlement offer and is problematic for several reasons: (1) Siegert is not subject to the FDCPA because she does not constitute a debt collector under the statute and Plaintiffs clearly made this threat without researching "this specific issue"; (2) the alleged FDCPA violation arose out of Siegert's defense to Plaintiffs' claim in the State Action and, therefore, could have been brought in the State Action to avoid wasting judicial resources and splitting claims between two different courts; and (3) a statutory violation of the FDCPA is capped at $1,000.00. *See* § 1692k(a)(2)(A). To surpass that cap, Plaintiffs would need to prove actual damages. § 1692k(a)(1), which they ultimately, failed to do. The aforementioned

3

email failed to provide any evidence of emotional injuries or actual damages as claimed, but instead, merely demanded an arbitrary sum. This is clear evidence of Plaintiffs bad faith and harassing behavior. *See Scroggin v. Credit Bureau of Jonesboro, Inc.,* 973 F. Supp. 2d 961, 978 (E.D. Ark. 2013), *aff'd,* 576 F. App'x 632 (8th Cir. 2014) (finding that the debtor brought action in bad faith and for purpose of harassment based on threatening emails even when the creditor was found to have violated the FDCPA).

Moreover, the harassing behavior by Plaintiffs is generally demonstrated by the fact that since May of 2023, Plaintiffs have sued Siegert in state court, in federal court, unsuccessfully attempted a writ to the Missouri Supreme Court based on a successful motion to sever in the State Action, and unsuccessfully attempted writ to the Missouri Court of Appeals based on a successful motion to sever in the State Action. Plaintiffs are using the court system to attempt to cause financial distress to Siegert which again, is clear evidence of bad faith and harassing behavior.

Plaintiffs' pattern of bad faith and harassing conduct continued when they filed the instant action as it was hastily filed without conducting a reasonable inquiry into the basis for the alleged FDCPA violation. On the face of the Complaint, Plaintiffs set forth only threadbare recitals of the elements for a § 1692d violation claim and failed to provide any factual support. The Memorandum and Order (Doc. 35) further demonstrates the lack of merit of the instant action as this Court found that the Complaint lacked any factual and legal basis for an alleged violation of § 1692d. Plaintiffs' shortcomings in diligently pursuing their frivolous claims evidences a clear intent to harass Movants rather than obtain a favorable judgment. As the Court noted, "[i]f Plaintiffs believed in the merits of their case—that Defendants harassed them in violation of the FDCPA—they would have timely filed an opposition to Defendants' Motion to Dismiss and put at least a bit of thought into it." The Court went on to note that [Plaintiffs'] lack of interest in prosecuting this case, or their

4

inability to find law in support of it, coupled with the parties' history with one another, indicates to the Court that something else may well have motivated the filing of this action." (Doc. 35 at 6, fn. 3). Tellingly, Movants vehemently moved to dismiss this lawsuit against them, but Plaintiffs took virtually no action in justifying the filing of this lawsuit nor did they make any attempt to assert a legal basis for their positions.

Further, the briefing on this issue demonstrates that there is no case law or statute that suggests a debt collector violates § 1692d by simply sending requisite notice letters under § 1692g in good faith. Nor does the law provide for a violation of § 1692d when a creditor files suit to collect a debt in an underlying state court action, even if such suit is found to be meritless. (*See* Doc. 1, ¶¶ 14-26); *see also Hickman v. Alpine Asset Mgmt. Grp.*, LLC, No. 11-1236-CV-S-MJW, 2012 WL 4062694, at *4 (W.D. Mo. Sept. 14, 2012) (concluding the filing of a lawsuit to collect a debt is not harassment or abuse in violation of § 1692d); *Finch v. Slochowsky & Slochowsky*, LLP, No. 19-CV-6273, 2020 WL 5848616, at *3 (E.D.N.Y. Sept. 30, 2020); *Okyere v. Palisades Collection, LLC*, 961 F. Supp. 2d 519-20 (S.D.N.Y. 2013). The fact that Plaintiffs' Complaint sought redress under § 1692d without alleging one instance or example as expressly provided for under that section of the statute evidences an intent to harass and continue burdening Siegert with attorneys' fees.

Additionally, Movants' reasoning in sending the FDCPA compliant letters to Plaintiffs' attorney was out of an abundance of caution to comply with the FDCPA and by no means was done to harass or out of bad faith. Movants were notifying two consumers (Plaintiffs) regarding a debt (Siegert's attorneys' fees in the State Action) that was incurred in connection with a transaction in which the property at issue was primarily for personal, family, or household purposes (the sale of residential home and the subsequent litigation). *See* § 1692a(5). Though the

attorneys' fees issue in the State Action had yet to be adjudicated, the FDCPA contemplates the collection of an alleged obligation that has not yet been reduced to judgment. *See* 15 U.S.C. § 1692a(6)(5). Thus, in cannot be said that Movants had an ulterior motive in sending the FDCPA compliant correspondence.

## CONCLUSION

Plaintiffs' conduct in using federal litigation to harass Siegert when they knew they had no expectation to prevail on the merits is conduct in bad faith that warrants the award of Movants' attorneys' fees. Plaintiffs' harassing behavior towards Siegert and her counsel prior to this litigation also warrants the award of attorneys' fees to Movants.

Respectfully submitted,

JENKINS & KLING, P.C.

By: /s/ *Katherine I. McLaughlin*

OF COUNSEL:
JENKINS & KLING, P.C.

Ronald E. Jenkins #23850MO
Michael P. Stephens, #37491MO
Katherine I. McLaughlin, #69734MO
Liam R. Brannon, #73640MO
150 N. Meramec Ave., Suite 400
St. Louis, Missouri 63105
(314) 721-2525 Phone
(314) 721-5525 Fax
rjenkins@jenkinskling.com
mstephens@jenkinskling.com
kmclaughlin@jenkinskling.com
lbrannon@jenkinskling.com

*Attorneys for Defendants Rachel L. Siegert and Jenkins & Kling, P.C.*

## **CERTIFICATE OF SERVICE**

  The undersigned hereby certifies that on July 1, 2024 the foregoing was filed electronically to be served to all counsel of record by operation of the Court's electronic filing system.

                   /s/ *Katherine I. McLaughlin*

Case: 4:23-cv-01295-MTS    Doc. #:  40    Filed: 07/18/24    Page: 7 of 7 PageID #: 272