IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| Dr. Whitney Ross, Trustee, and <br> Dr. Ian Ross, Trustee, <br><br> Plaintiffs, <br><br> v. <br><br> Rachel Siegert and <br> Jenkins & Kling, P.C., <br><br> Defendant. | Case No. 4:23-cv-01295-MTS |

**PLAINTIFFS' RESPONSE TO DEFENTANTS' MOTION FOR ATTORNEYS' FEES**

COME NOW Plaintiffs Dr. Whitney Ross and Dr. Ian Ross (collectively the "Rosses"), by and through undersigned counsel, and move this Court to reverse its order granting an award of attorneys' fees to Defendants Rachel Siegert and Jenkins & Kling, P.C. (collectively "Defendants").

1. On May 31, 2024, this Court entered its Order of Dismissal after granting Defendants' Motion to Dismiss with prejudice.

2. Despite E.D.Mo. L.R. 8.02 providing that a "party seeking an award of attorney's fees shall file a motion for attorney's fees no later than twenty-one days after entry of final judgment pursuant to Fed. R. Civ. P. 58," Defendants filed their Motion for Reasonable Attorneys' Fees on July 1, 2024, ten days after the allotted time frame to do so.

3. Additionally, not only was this motion filed late, but it was filed after the case was already closed.

4. Not only was the case closed, but the issue of attorneys' fees has been litigated fully and finally via litigation and denial of the Rule 11 Motion and via the ancillary request for attorneys' fees levied in their prior motions.

5. Defendants currently seek to recover fees pursuant to the Fair Debt Collection Practices Act ("FDCPA"), offering allegations of harassing behaviors and frivolity of the present action as the basis of their claims.

6. However, despite offering their allegations of bad faith, there has been no judgment to that accord, even though "a finding of 'bad faith' is specifically required in order to assess attorneys' fees pursuant to the court's inherent authority" to impose sanctions. *Backpage.com, LLC v. Schmitt*, No. 4:17-CV-1951 PLC (E.D. Mo. May 29, 2019).

7. Defendants suggest that Plaintiffs have acted in bad faith in bringing the present action, arguing that the bad faith stems from lack of standing.

8. However, the final order dated May 31, 2024, says just the opposite—the Plaintiffs did have standing to bring the present action.

9. Thus, their arguments for bad faith due to lack of standing is moot.

10. In addition to Defendants failing to show evidence of bad faith, they also fail to state a means by which they should be granted fees.

11. In Missouri, attorney's fees are not recoverable from another party, except when allowed by contract or statute. *Southard v. Goehl*, No. 4:15-CV-01232-NCC (E.D. Mo. July 21, 2017).

12. Defendants have also referenced cases stating that "if a defendant prevails on the merits of an FDCPA claim, a separate motion for attorneys' fees is permissible". *See Defendants' Memorandum of Law in Support of their Motion for Reasonable Attorneys' Fees.*

13. Here, while the Defendants have seemingly prevailed in the present action, they themselves have not brought forth an FDCPA claim, and thus, should not be entitled to recovery of fees on such grounds.

14. In fact, they have gone so far as to allege that the FDCPA should not apply to them at all in this situation.

15. Given this argument that the FDCPA should not apply to them and that they have offered neither a contract nor statute that would entitle them to the relief that they seek, a fee award is improper.

WHEREFORE, Plaintiffs deny allegations of bad faith and, due to Defendants' failure to allege proper grounds for relief, Plaintiffs respectfully request this court to deny Defendants' motion for fees, award Plaintiff's attorneys' fees, and for whatever further relief it deems necessary and just.

Dated: August 1, 2024

Respectfully submitted,

Wurm L.C.

*/s/ William R. Wurm*
William R. Wurm, #68912 (MO)
9223 Citadel Court
St. Louis, MO 63123
Ph: (636) 439-9858
william@wurmlc.com
Attorney for the Plaintiff

## **CERTIFICATE OF SERVICE**

 The undersigned hereby certifies that on this 1st day of August 2024, the foregoing was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system upon all counsel of record.

                /s/ William R. Wurm