IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DR. WHITNEY ROSS, TRUSTEE, and<br>DR. IAN ROSS, TRUSTEE,<br><br>Plaintiffs,<br><br>v.<br><br>RACHEL L. SIEGERT and<br>JENKINS & KLING, P.C.,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)  Cause No. 4:23-cv-01295-MTS<br>)<br>)<br>)<br>)<br>)<br>) |

**DEFENDANTS' REPLY MEMORANDUM IN SUPPORT OF
THEIR MOTION FOR REASONABLE ATTORNEYS' FEES**

Pursuant to Local Rule 8.02, Defendants Rachel L. Siegert ("**Siegert**") and Jenkins & Kling, P.C. (collectively, "**Defendants**") submit their Reply Memorandum in Support of their Motion for Reasonable Attorneys' Fees in response to the Response to Defendants' Motion for Attorneys' Fees ("**Opposition**") filed by Plaintiffs Dr. Whitney Ross, Trustee and Dr. Ian Ross, Trustee (collectively, "**Plaintiffs**"). In support thereof, Defendants state as follows:

I. This Court has inherent authority to award attorneys' fees for bad faith and it has specific authority to award attorneys' fees under Section 1692k(a)(3) of the FDCPA.

Plaintiffs assert that Defendants failed to state a means by which Defendants should be granted fees herein. Opposition at 2. This argument is contradicted by established authority. Defendants seek their attorneys' fees under Section 1692k(a)(3) of the FDCPA, which provides for an award of attorney's fees to a prevailing defendant on a finding by the court that an action was brought in bad faith and for the purpose of harassment. 15 U.S.C. § 1692k(a)(3); *Marx v. Gen. Revenue Corp.,* 568 U.S. 371, 380, 133 S. Ct. 1166, 1175, 185 L. Ed. 2d 242 (2013); *Vogler v.*

1

*Grier Grp. Mgmt. Co.,* 309 S.W.3d 328, 332 (Mo. Ct. App. 2010). One of the purposes of 15 U.S.C. § 1692k(a)(3) is "to thwart efforts of a consumer to abuse the statute," *Velez v. Portfolio Recovery Associates, Inc.,* 881 F.Supp.2d 1075, 1086 (E.D. Mo. 2012) (quoting *Parker v. Pressler & Pressler, LLP,* 650 F.Supp.2d 326, 347 (D. N.J.2009)). Additionally, a federal court also has inherent power to award attorneys' fees based on a litigant's bad faith even without § 1692k(a)(3). *See Scroggin v. Credit Bureau of Jonesboro, Inc.,* 973 F. Supp. 2d 961, 981 (E.D. Ark. 2013), *aff'd,* 576 F. App'x 632 (8th Cir. 2014); (citing *Marx,* 568 U.S. at 380) (citing *Chambers v. NASCO, Inc.,* 501 U.S. 32, 45–46, 111 S.Ct. 2123, 115 L.Ed.2d 27 (1991)).

Plaintiffs further suggest that Defendants are not entitled to seek their attorneys' fees because such fees are not recoverable except when allowed by contract or statute. Opposition at 2. As set forth above, there is a statute authorizing a defendant's recovery of fees in an FDCPA action. *See* 15 U.S.C.A. § 1692k(a)(3). Moreover, in the underlying facts between these parties and in the court record, there is a purchase contract that allows for the prevailing party to recover the cost of litigation. (Doc. 1-5). This provision does not narrow the kind of litigation that would trigger this provision to certain claims of default of the contract but instead generally states, "[i]n the event of litigation between the parties, the prevailing party shall recover, in addition to damages and equitable relief, the cost of litigation including reasonable attorney's fees" *Id*. at 7. Thus, in contrast to Plaintiffs' assertions, this Court's authority, the FDCPA, and the underlying contract are the means by which Defendants are able to seek their attorneys' fees herein. [1]

---

[1] Plaintiffs also contend that Defendants are not entitled to attorneys' fees because there has been no judgment ruling that the Plaintiffs acted in bad faith. Opposition at 2. In support of this contention, Plaintiffs cite to *Backpage.com, LLC v. Schmitt,* No. 4:17-CV-1951 PLC, 2019 WL 2285909, at *4 (E.D. Mo. May 29, 2019). This authority is not an FDCPA case and as such, is distinguishable from the issues herein. Also, it is in the briefing of the instant motion that Defendants are seeking to establish and obtain a judgment against Plaintiffs that they acted in bad faith. Plaintiffs' argument is circular and unconvincing.

2

> II. <u>The Court's ruling that Plaintiffs had standing to bring the instant action does not prevent the award of attorneys' fees to Defendants on the basis of their clear bad faith.</u>

Plaintiffs further assert in the Opposition that because this Court ruled they had standing, their Fair Debt Collection Practices Act ("FDCPA") claim could not have been brought in bad faith. Opposition at 2. However, standing and bad faith are distinct legal concepts.

A claimant has standing in an FDCPA action if they can allege a concrete injury based on either tangible harm or a risk of real harm identified by the act. *See Demarais v. Gurstel Chargo, P.A.*, 869 F.3d 685 (2017). In analyzing the standing issue, this Court found that Plaintiffs' allegations regarding their harm sufficiently established their standing at the motion to dismiss stage because Plaintiffs alleged: that the Defendants violated the FDCPA by sending the two relevant letters, that the letters were harassing, oppressive, and abusive, and that the letters caused Plaintiffs harm. Memorandum and Order (Doc. 35) at 3-5. The fact that Plaintiffs pled a sufficient connection between the FDCPA, and their alleged harm does not automatically negate the possibility of bad faith by Plaintiffs.

Indeed, a plaintiff can have standing to bring a FDCPA claim but still bring such claim in bad faith. *See Vogler,* 309 S.W.3d at 329; *Scroggin,* 973 F. Supp. 2d at 981. In both *Vogler* and *Scroggin*, the individual plaintiffs had standing as their claims made it past the initial pleading stages and they were found implicitly to have a right to bring a lawsuit. In both those cases, the respective defendants were awarded their attorneys' fees due to the harassing nature of the plaintiffs' lawsuits which amounted to bad faith. *Vogler,* 309 S.W.3d at 330-332 (affirming a finding of bad faith and a fee award to defendant where "there was no justification for the Plaintiff's [FDCPA] suit"); *Scroggin*, 973 F. Supp. 2d at 981 (affirming a finding of bad faith and a fee award

to defendant where plaintiffs sent harassing emails and posted distressing content about the defendant on various websites).

*Vogler* and *Scroggin* demonstrate that a claimant and their counsel, who have bad faith intentions in bringing a claim, would be able to adequately state such a claim by pleading the "magic words" in a lawsuit to establish standing and a claim—this is the exact scenario of this matter. Plaintiffs asserted a FDCPA claim against Defendants without a genuine belief in its merit, primarily to harass Siegert, and caused unnecessary use of judicial resources or significant harm to both Defendants by forcing them to engage in costly and unnecessary defense efforts.

"To recover attorney's fees under the FDCPA, the prevailing defendant must show affirmatively that the plaintiff brought the FDCPA claim in bad faith and for the purpose of harassment." *Scroggin*, 973 F. Supp. 2d at 968 (quoting *Perry v. Stewart Title Co.,* 756 F.2d 1197, 1211 (5th Cir.1985)). "[B]ad faith" is defined as "[d]ishonesty of belief or purpose." *Grand Canyon Skywalk Development, LLC v. 'Sa' Nyu Wa Inc.,* 715 F.3d 1196, 1201 (9th Cir.2013) (quoting Black's Law Dictionary 159 (9th ed. 2009)). "Harassment" is defined as "words, conduct, or action (usu. repeated or persistent) that, being directed at a specific person, annoys, alarms, or causes substantial emotional distress in that person and serves no legitimate purpose." Black's Law Dictionary 784 (9th ed. 2009).

The harassing and bad faith nature of Plaintiffs is best demonstrated by Plaintiffs' counsel prior to the filing of this lawsuit, sending undersigned counsel a threatening email, claiming that he would file suit against <u>Siegert</u> in this Court for violating the FDCPA unless Siegert paid $10,000 to settle "this specific issue." *See* Doc (40-1). Siegert is not subject to the FDCPA because she does not constitute a debt collector under the statute nor did she author or send the subject correspondence that caused Plaintiffs' counsel to send this email and ultimately, file suit. *See id.*;

4

*see also* 15 U.S.C.A. § 1692a ("the term 'debt collector' means any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another."). There was no reason for Plaintiffs to "make demand" on Siegert concerning the receipt of the letters other than to attempt to force Siegert to expend additional fees to the ones she is already paying in the underlying state court action.

Additionally, a statutory violation of the FDCPA is capped at $1,000. 15 U.S.C.A. § 1692k (a)(2)(A) ("in the case of any action by an individual, such additional damages as the court may allow, but not exceeding $1,000…"). Plaintiffs <u>did not have</u> any actual damages from Siegert (or Jenkins & Kling, P.C.) as is proven by the dismissal of their claim and Plaintiff <u>could not have</u> any actual damages from Siegert given Siegert did not send the correspondence and is not a debt collector. As such, Plaintiffs did not have a good faith belief that they could prove actual damages and surpass the cap. *See* 15 U.S.C.A. § 1692k(a)(1). Thus, in the email from their counsel, Plaintiffs were attempting to obtain money from Siegert, only, with her consent, induced by the use of fear (more litigation and more fees and costs) under the guise of the FDCPA—the definition of extortion. *Black's Law Dictionary* (10th ed. 2014); *see also* Doc (40-1). Plaintiffs' extortive actions towards Siegert with the knowledge that there could not be a legitimate FDCPA claim against Siegert, a non-debt collector, were nothing more than an attempt to make her expend more money and were pure harassment, which warrants an award of fees—at the very least—to Siegert. *See Scroggin*, 973 F. Supp. 2d at 981-985 (finding that harassing emails were proof of bad faith in FDCPA litigation).

Moreover, as is set forth in detail in Defendants' Memorandum of Law in Support of their Motion for Sanctions (Doc 18), the alleged FDCPA violation arose out of Siegert's defense to Plaintiffs' claim in the underlying state action pending in St. Louis City and, therefore, should have been brought in that action to avoid wasting judicial resources and splitting claims between two different courts. At the time, Siegert filed a third-party petition in the state action against Plaintiffs in their individual capacities over a debt incurred for personal, family, and a household purpose *i.e.*, an attorneys' fee provision in a purchase contract for the sale of a residential home to plaintiffs. Thus, Defendants deemed it appropriate to send a form FDCPA letter to Plaintiffs' counsel.[2] This caused Plaintiffs to file a motion for temporary restraining order, which was summarily denied at the hearing. For good measure, in the state court's order denying Plaintiffs' motion for temporary restraining order, Siegert, by way of her counsel, put in the order: "Siegert states she has no present intent to issue collection letters outside the litigation." A true and accurate copy of the state order is attached hereto as Defendants' <u>Exhibit "1"</u>. Not only was this issue adjudicated in the state court, but Siegert purposely included language in such order, which was hand-written by her counsel, that Siegert was not pursuing collection. Plaintiffs could not have been under a present impression that any collections would proceed against them but still, Plaintiffs brought this action against Jenkins & Kling, P.C. and more baffling, Siegert.

This is yet another example of the true nature of this suit, which was not to obtain relief under the FDCPA but to attempt to cause financial distress to Siegert by way of litigation costs over multiple courts.[3] Plaintiffs flagrantly manipulated the judicial process and the FDCPA

---

[2] Plaintiffs argue that Defendants have "gone so far as to allege that the FDCPA should not apply to them…" Opposition at 3. Nowhere in their pleadings have Defendants made such an assertion. In contrast, Defendant Jenkins & Kling, P.C. is subject to the FDCPA as it could be reasonably interpreted that Jenkins & Kling, P.C. is a debt collector under the FDCPA, which is demonstrated by the fact that Jenkins & Kling, P.C. sent the subject letters to Plaintiffs in the first place. Thus, Plaintiffs' assertion is belied by the record in this case.

[3] Plaintiffs have attempted to have their claims heard in the Missouri Supreme Court, the Missouri Court of Appeals, the Circuit Court of St. Louis City, and this Court. *See* (Doc 18).

6

thereby wasting judicial resources, causing unnecessary legal fees, and warranting a fee award to Defendants.

## Conclusion

Defendants prevailed in this matter as it was dismissed with prejudice upon their motion and Plaintiffs concede to the same. Opposition at 3 ("…Defendants have seemingly prevailed in the present action…"). Further, Plaintiffs notably do not spend any of the Opposition asserting their good faith basis for bringing this action and merely assert futile arguments as to the lack of authority for Defendants to bring the instant motion when such action is clearly authorized by statute and inherent in this Court's authority. *See generally* Opposition.

Based on the foregoing, Defendants have shown there was no justification for bringing this suit against Defendants and most especially, Siegert, a non-debt collector. Plaintiffs brought this FDCPA claim for no legitimate purpose, but rather to alarm Siegert and to continue to harass her by way of the court system. As such, Defendants ask this Court to award their attorneys' fees based on Plaintiffs' harassing and bad faith actions.

Dated: August 8, 2024                    Respectfully submitted,

                                                                                               JENKINS & KLING, P.C.

                                                                                               By: /s/ *Katherine I. McLaughlin*

OF COUNSEL:  
JENKINS & KLING, P.C.

                                                Ronald E. Jenkins #23850MO  
                                                Michael P. Stephens, #37491MO  
                                                Katherine I. McLaughlin, #69734MO  
                                                Liam R. Brannon, #73640MO  
                                                150 N. Meramec Ave., Suite 400  
                                                St. Louis, Missouri 63105  
                                                (314) 721-2525 Phone(314) 721-5525 Fax  
                                                rjenkins@jenkinskling.com  
                                                mstephens@jenkinskling.com  
                                                kmclaughlin@jenkinskling.com  
                                                lbrannon@jenkinskling.com  
                                                *Attorneys for Defendants Rachel L. Siegert*  
                                                *and Jenkins & Kling, P.C.*

## **CERTIFICATE OF SERVICE**

      The undersigned hereby certifies that on August 8, 2024 the foregoing was filed electronically to be served to all counsel of record by operation of the Court's electronic filing system.

                                                        /s/ *Katherine I. McLaughlin*